THE CITY OF PEKIN, Plaintiff in Error, *v.* GEORGE B. NEWELL, Defendant in Error.

### ERROR TO TAZEWELL.

If a city is authorized to construct a highway in a particular manner, but does it in a different one, it will be answerable in damages to a party sustaining injury upon it, as much as though it had not exceeded or deviated from its authority.

THIS action was trespass on the case, brought by Newell against the city of Pekin, to recover the value of a horse killed by falling through a bridge, leading from the river bank opposite Pekin to the bluff, and tried before HARRIOTT, Judge, and a jury, at the February term, 1861. Plea, the general issue.

The proof shows that the plaintiff below was riding a horse across the bridge on a walk along the traveled track, when the plank gave way and the horse fell through and was rendered useless.

The plaintiff below gave in evidence the act under the authority of which the bridge was erected; also the proceedings of the city authorities, providing for the erection of the bridge.

The city did not offer any evidence, but moved to have the court exclude from the jury the evidence offered by plaintiff, upon the ground that there was not any legal obligation resting on the city to repair the bridge. This motion the court denied.

The court thereupon gave for the plaintiff the following instructions:

If the jury believe, from the evidence, that the defendant is and was, on the 28th day of February, 1860, the owner of a ferry franchise across the Illinois river, and running from the south-east bank of said river at the city of Pekin, to the north-west bank of said river opposite in Peoria county, and that for carrying passengers and their property across said river by said ferry, the defendant is allowed by law to receive, and does receive tolls; and if the jury shall further believe, from the evidence, that the defendant is also the owner of a wooden bridge, leading from said ferry on said north-west bank of said river, across the bottom lands to the bluff, on said north-west side of said river; that said bridge was built and designed to be kept in suitable repair by said defendant and used as appurtenant to said ferry, and for the purpose of attracting travel to and across said ferry, and that repairs have actually been made from time to time by defendant upon said bridge; and if the jury shall further believe, from the evidence, that on or about

the day above named the defendant received the plaintiff upon said ferry and bridge, to cross the same with a horse, the property of said plaintiff, and received toll therefor ; and if the jury shall further believe, from the evidence, that said bridge was not in good repair and safe for the passage of horses across the same, and that the plaintiff had not notice that said bridge was out of repair and unsafe, and that in attempting to cross same with his horse the said horse fell through said bridge and was killed, or so badly injured as to be rendered valueless or of little value to the plaintiff, because of the defective and unsafe condition of the said bridge and without any fault on the part of the plaintiff, the jury should find for the plaintiff, and allow him such damages as they shall believe, from the evidence, he has sustained thereby.·

That whether the city had or had not sufficient legal authority to build and keep in repair said bridge, yet if it undertook so to do, and to invite travel across said bridge, it was bound to do its work well and make said bridge safe and sufficient for the purpose designed ; and if the jury shall believe, from the evidence, that the city did build and undertook to keep in repair the said bridge, and did the work so defectively that the plaintiff sustained the damage complained of thereby, without any fault on his part, the jury should find for the plaintiff.

To the giving of which the defendant at the time excepted.

The defendant then asked the court to give the jury the following instructions :

The court instructs the jury that the city council of the city of Pekin had no right to build the bridge in question, or to expend money to keep the same in repair, and that no acts in relation to the management and control of the same, of said city council, are binding upon the corporation, and that there being no authority on the part of the city to build said bridge, or to repair or keep the same in repair, the jury will find the defendant not guilty.

The court instructs the jury that there is no obligation upon the part of the city to repair the bridge in question, and they will find for the defendant.

Which the court refused to give, to which the defendant at the time excepted.

The plaintiff below recovered a judgment for $175 and costs.

The defendant moved for a new trial, because the court gave improper instructions and refused proper instructions, admitted improper evidence, and there was no legal liability on the part of the city to repair. The motion was overruled, and an exception taken.

JAMES ROBERTS, for Appellant.

J. K. COOPER, for Appellee.

CATON, C. J. By the law, the city of Pekin was authorized "to build and construct an embankment and plankroad across the Illinois river bottom opposite said city." Under this authority the city constructed a pile bridge across the bottom in so careless a way that the horse of the plaintiff, when rightfully passing along the way, fell through and was killed. The city now says that it was only authorized to build an embankment and plankroad, and that in building this pile bridge it exceeded its authority, and hence it was not the act of the city, but only of its officers, who did it in the name of the city, and that the city is not responsible for the manner in which the work was done. This is an ungracious defense in every point of view, and is not supported by any legal principle. Had the city officers, acting in the name of the city, gone across the river into another county, and constructed this work without any authority of law to go there, then the cases cited would apply; but here the city was authorized to construct a road at the place where it constructed this road; and if it did not construct it in the mode prescribed by law, that increases rather than diminishes its liability. Suppose the law had in express terms authorized the construction of this road on a pile bridge, and provided that the piles should not be less than six feet apart, and they had been placed ten feet apart, or that oak piles were required, and basswood had been used, could this departure from the requirements of the law exonerate the city from liability for damages resulting from this very violation of the law? Had the road been built upon an embankment, and covered with plank, as the law seemed to contemplate, it is not likely that the plaintiff's horse would have fallen through it. Assuming that this road was not built in a manner contemplated by the law, (which is a question we do not decide,) and we think the liability of the city is quite as manifest as if the road had been built in every particular according to the law.

Some other minor questions were made in the case, which we have examined, but do not think necessary to discuss. The judgment must be affirmed.

*Judgment affirmed.*