(10 Misc. Rep. 664.)

MAHON v. MAYOR, ETC., OF CITY OF NEW YORK.

(Common Pleas of New York City and County, General Term. January 7, 1895.)

1. MUNICIPAL CORPORATIONS—LIABILITY FOR TORTS OF OFFICERS.

The park commissioners are officers and agents of the municipality of New York in the care and management of its corporate property; and the municipality is responsible for their acts done and torts committed in the line of their duty.

2. SAME—PREVENTING PERFORMANCE OF CONTRACT.

The wrongful prevention by such commissioners of performance of a contract made with the municipality, by acts done in the line of their duty, gives the injured party a right of action against the municipality.

3. CONTRACTS—RESCISSION BY PARTIES.

The rightful exercise of an option by one party to cancel a contract terminates it; and the other party may not afterwards assume to abrogate it, so as to escape his liability as fixed by the prior cancellation.

4. PLEADING—AMENDMENT.

The power of amendment of a pleading on the trial is limited only by the qualification that the amendment shall not introduce a new cause of action or defense; and whether an amendment of a complaint introduces a new cause of action depends on whether a judgment on the original complaint would bar a recovery upon the amended complaint.

5. SAME—NEW CAUSE OF ACTION.

An additional item of damage consequent upon the breach of contract which constitutes the wrong sued for is not a new cause of action.

(Syllabus by the Court.)

Appeal from judgment on report of referee.

Action by Bernard Mahon against the mayor, aldermen, and commonalty of the city of New York. From a judgment in favor of plaintiff for $19,991.39, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

D. J. Dean, for appellant.

L. Laflin Kellogg, for respondent.

PRYOR, J. The plaintiff engaged to do certain work for defendant, the municipality of New York; and, upon an allegation that the defendant prevented the fulfillment of the contract, he sues to recover, under a claim of damages, the value of the work done and the profits he would have earned by performance of the residue. Jones v. Judd, 4 N. Y. 411, 414.

The decisive question in the case is whether, in fact, the defendant prevented the fulfillment of the contract. The referee finds, on sufficient evidence, that the plaintiff "was prevented from carrying out and performing said contract by the act of the commissioners of public parks and persons acting under their direction." In an elaborate argument, counsel for the defendant contends—First, that the park commissioners are not the agents or servants of the defendant; and, secondly, that, though they be such agents and servants, yet the defendant is not responsible for their acts, because ultra vires. The park commissioners were appointed by the municipality for the care, improvement, and protection of its parks,—property held by the city in its corporate capacity, in distinction from property owned

and used by the municipality as an agency of government and for a governmental purpose. "The corporation of the city of New York possesses two kinds of powers,—one governmental and public, and, to the extent they are held and exercised, is clothed with sovereignty; the other private, and, to the extent they are held and exercised, is a legal individual. The former are given and used for public purposes; the latter, for private. While in the exercise of the former, the corporation is a municipal government, and, while in the exercise of the latter, is a corporate, legal individual." Lloyd v. Mayor, etc., 5 N. Y. 369, 374. The inference is plain and imperative that the park commissioners are the officers and agents of the city in the management of its corporate property; and that for their acts as such the city is responsible. And it was expressly so adjudged in Ehrgott v. Mayor, etc., 96 N. Y. 264, 273. Though this be the law, the defendant argues that the acts of the park commissioners in preventing plaintiff from carrying out and completing the contract were not within the scope of their authority. But the consolidation act expressly charges the park department with the duty of caring for and protecting the park (sections 668 and 690); and, in arresting plaintiff's operation, the commissioners were obviously engaged in the discharge of this obligation. No matter if, in pursuance of the authority with which they were invested, they committed unlawful acts, still "the tortious acts, being in the course of the agency," are the acts of the principal. Buffalo & H. Turnpike Co. v. City of Buffalo, 58 N. Y. 639, 642; Lee v. Village of Sandy Hill, 40 N. Y. 442; Stoddard v. Village of Saratoga Springs, 127 N. Y. 261, 27 N. E. 1030.

The defense of ultra vires exists when the act complained of was wholly beyond the powers of the corporation; in other words, when it was not possible for the corporation, under any circumstances, to authorize the doing of the act. City of Chicago v. Turner, 80 Ill. 420; Mayor, etc., v. Cunliff, 2 N. Y. 165; Smith v. City of Rochester, 76 N. Y. 506; Cohen v. Mayor, etc., 113 N. Y. 532, 21 N. E. 700; Lemon v. Newton, 134 Mass. 476; Cavanagh v. City of Boston, 139 Mass. 426, 1 N. E. 834. But, "if the wrongful act in question is one which the municipality had the right to do under some circumstances or in some manner, then it is not ultra vires." City of Pekin v. Newell, 26 Ill. 320. "If a municipality, acting by its common council or other governing body, determines to do an act, and commits the doing of it to some officer or agent, and the act was one which it had power to authorize, he and the municipality occupy substantially the relation of principal and agent; and hence it is answerable, at least, for such torts as he commits while acting in good faith, in exercise of the power confided to him." Soulard v. City of St. Louis, 36 Mo. 546. "When officers of a town, acting as its agents, do a tortious act, with an honest view to some lawful benefit or advantage, reason and justice require that the town, in its corporate capacity, should be liable to make good the damage sustained by an individual in consequence of the acts thus done." Hawks v. Charlemont, 107 Mass. 417; Pol. Torts (Am. Ed.) 59. Within the principle of these adjudications, the defendant is clearly

responsible for the act of the park commissioners in arresting the plaintiff's work, and preventing the fulfillment of his contract. It follows, therefore, that the plaintiff had a right to abandon the contract, and that his action is well brought. Jones v. Judd, supra; Devlin v. Mayor, etc., 63 N. Y. 8, 13; U. S. v. Behan, 110 U. S. 338, 4 Sup. Ct. 81.

The evidence authorizes the inference, and so, in effect, the referee finds, that plaintiff's employés were not arrested for violation of the city ordinance; and hence it may not be claimed that the prevention of work by the plaintiff was rightful. By a term in the contract, the defendant reserved the right to abrogate it for delay in the prosecution of the work. The work was to be completed by the 28th of April, 1891; and, being unfinished on the 14th of July, the defendant then, for the first time, gave notice of the exercise of its option to cancel the contract. But meanwhile the defendant recognized the contract as still subsisting, and waived its tardy performance. While the plaintiff, after his default, was continuing the work, with the consent of the defendant, and before defendant exercised its option to annul the contract, the plaintiff, on the 10th of June, renounced it, because of the prevention of its performance. True, the defendant had a right to abrogate the contract, notwithstanding the waiver of its timely performance; but the abrogation, when first attempted, came too late. The plaintiff had already exercised his right to repudiate the contract (Lawson v. Hogan, 93 N. Y. 39, 44), and there was then no contract subject to rescission by the defendant. Conceding that, notwithstanding the waiver of due performance, the defendant had the right to cancel the contract, such right could not survive the effectual abrogation of the contract by the plaintiff. Rescission of a contract already at an end is an absurdity. Not thus can the defendant escape the consequences of its wrongful interruption of the plaintiff in the fulfillment of his agreement. His prior cancellation of the contract fixed the rights and liabilities of the parties under it.

The defendant contests the finding of the referee as to the loss the plaintiff sustained by the prevention of the work; but, on a survey of the evidence, our conclusion is that we should not be warranted in reversing the decision of trial court. Baird v. Mayor, etc., 96 N. Y. 567. Profits on the work prevented are not allowed, but only the value of the rock to be excavated and removed; and of that value the proof is abundant.

The recovery for boring and blasting the defendant challenges, on the ground that the amendment of the complaint under which it was allowed was beyond the power of the referee to authorize. The amendment was made to conform the pleading to the proof, and, unless it substantially changed plaintiff's claim, the referee had unquestionable jurisdiction to permit it. Code, § 723. Plaintiff's claim being for damages from breach of contract, the amendment merely introduced into the complaint a new element or item of damage, consequent upon the wrong constituting the ground of action. The only limitation on the power of amendment at the trial is that no new cause of action or defense can be incorporated in the pleadings.

Baylies, Code Pl. 324, and cases. The test whether an amendment sets up a new cause of action is, would a recovery on the original complaint be a bar to a recovery under the amended complaint? Davis v. Railroad Co., 110 N. Y. 646, 17 N. E. 733. That, if the item of damage in question be eliminated from the judgment, no subsequent action to recover it could be maintained, is too clear for argument. "There can be but one recovery for an injury from a single wrong, however numerous the items of damage, and but one action for a single breach of contract." Perry v. Dickerson, 85 N. Y. 345, 347. The recovery under the amendment was not for money earned and due pursuant to the contract; and so the case is not beyond the operation of the general rule. Perry v. Dickerson, supra.

We are of the opinion that the appellant adduces nothing against the validity of the judgment. Judgment affirmed, with costs. All concur.