ROSARIA DINA, *Plaintiff in Error*, v. SEABOARD AIR LINE RAILWAY CO., A CORPORATION, *Defendant in Error*.

## Division A.

## Opinion Filed November 16, 1925.

1. The widow's claim for damages for the death of her husband by the wrongful act of another is based on the following elements: (1) Her loss of the comfort, protection and society of the husband in the light of all the evidence in the case relating to the character, habits and conduct of the husband as such; (2) the marital relations between the parties at the time of and prior to his death; (3) his services, if any, in assisting her in the care of the family; (4) the loss of support which the husband is legally bound to give the wife, and which is based on his probable future earnings and other acquisitions; (5) the station in society which his past history indicates that he would probably have occupied, and his reasonable expectations in the future, such earnings and acquisitions to be estimated upon the basis of deceased's age, health, business capacity, habits, experience and energy, and his present and future prospects for business success at the time of his death. All these elements to be based upon the probable joint lives of the widow and husband. (6) She is also entitled to compensation for loss of whatever she might reasonably have expected to receive in the way of dower or legacies from her husband's estate in case her life expectancy be greater than his. The sum total of all these elements to be reduced to a money value and its present worth to be given as damages.

2. The widow is not entitled to recover for her mental anxiety or distress over the death of her husband, nor for his mental or physical suffering from the injury.

3. No person shall recover damages from a railroad company for injury to himself or property when such injury is done by his consent, or caused by his negligence. If the complainant and the agents of the company are both at fault the

former may recover, but the damages shall be diminished or increased by the jury in proportion to the amount of default attributable to him.

4. The rule as to contributory negligence in this state imposes a strict degree of responsibility on both the public and the railroad company to the end that accidents resulting in damage to persons or property may be reduced to .the minimum, and the one can no more escape such responsibility than the other.

A Writ of Error to the Circuit Court for Hillsborough County; L. L. Parks, Judge.

Affirmed.

*Dickenson & Diaz* and *Angelo Leto,* Attorneys for Plaintiff in Error;

*Knight, Thompson* and *Turner,* Attorneys for Defendant in Error.

TERRELL, J.—Rosaria Dina sued the Seaboard Air Line Railway Company for the wrongful death of her husband. To the declaration of the plaintiff, defendant entered the plea of the general issue and contributory negligence. The case was tried on the issue made by these pleas, ·and the jury found for the defendant. Motion for new trial was overruled and plaintiff took writ of error.

The first assignment of error is predicated on the order of the trial court striking certain allegations of the declaration as to age of deceased and as to mental pain and suffering of the plaintiff.

The widow's claim for damages for the death of her husband by the wrongful act of another is based on the following elements: (1) Her loss of the comfort, protection and society of the husband in the light of all the evidence in the

case relating to the character, habits and conduct of the husband as such; (2) the marital relations between the parties at the time of and prior to his death; (3) his services if any in assisting her in the care of the family; (4) the loss of support which the husband is legally bound to give the wife and which is based on his probable future earnings and other acquisitions; (5) the station in society which his past history indicates that he would probably have occupied and his reasonable expectations in the future, such earnings and acquisitions to be estimated upon the basis of deceased's age, health, business capacity, habits, experience and energy, and his present and future prospects for business success at the time of his death. All of these elements to be based upon the probably joint lives of the widow and husband. (6) She is also entitled to compensation for loss of whatever she might reasonably have expected to receive in the way of dower or legacies from her husband's estate in case her life expectancy be greater than his. The sum total of all these elements to be reduced to a money value and its present worth to be given as damages. Within these limits the jury exercised a reasonable discretion as to the amount to be awarded, based upon the facts in evidence and the knowledge and experience possessed by them in relation to matters of common knowledge and information. The widow is not entitled to recover for her mental anxiety or distress over the death of her husband, nor for his mental or physical sufferings from the injury. Florida Cent. & P. R. Co. v. Foxworth, 41 Fla. 1, 25 South. Rep. 338; Florida Cent. & P. R. Co. v. Foxworth, 45 Fla. 278, 34 South. Rep. 270; Southern Utilities Co. v. Davis, 83 Fla. 366, 92 South Rep. 683.

In the light of the law as thus enunciated, the motion to strike out as to mental pain and suffering was properly granted. The age of the deceased was a fact proper to be put in evidence, and in this case his age and earning capac-

ity were fully proven without objection on the part of defendant, so the motion to strike as to this ground was properly granted.

All other assignments of error relate to charges given and refused by the trial court.

We have examined carefully the general charge and the charge as requested by defendant in the light of the objections raised to them and think they fairly and correctly stated the law of the case. There was some conflict in the evidence as to the speed of the locomotive at the time of the accident and as to whether or not the proper signals or warnings were given and whether there was a lookout stationed on the rear of the train, but the jury resolved all these conflicts against the plaintiff, and it is not shown that in doing this they committed error.

The uncontradicted testimony shows that the unfortunate accident took place between twelve and one o'clock in the day at a frequently used public crossing which was unobstructed and was constantly passed over by locomotives in charge of servants of defendant, and that deceased had for years passed over said crossing several times daily. It is also shown without contradiction that the deceased saw the approaching train as he neared the crossing, but instead of coming to a dead stop he gathered his reins, flogged his horse and recklessly attempted to cross ahead of it; but in doing so he was struck by the train, thrown from his wagon and crushed to death by the moving train before it could be stopped. The servants of defendant saw the deceased as both approached the crossing and they had a perfect right to assume that he was a normal man and would act as a normal man would act when approaching a dangerous crossing. Under such a statement of facts it becomes immaterial whether or not the proper warnings or signals were given. Rehearing, Seaboard Air Line R. Co. v. Barwick, 51 Fla. 304, 41 South. Rep. 70.

We think the defendant in this case has met and effect-ually overcome with uncontradicted evidence the presump-tion indulged by the law against it, and has shown that its agents and employees on the occasion of the death of plain-tiff's husband were exercising all ordinary reasonable care under the circumstances and conditions surrounding them at the time, and that his death was not the result of careless-ness or negligence on their part in the discharge of their duty to the plaintiff and to the public generally, but was the result of the reckless attempt on the part of the deceased to beat the train which he saw approaching over the cross-ing.

The rule as to contributory negligence in this State is em-braced in Section 4965, Revised General Statutes of Florida, 1920, and is substantially to the effect that no person shall recover damages from a railroad company for injury to himself or property when such injury is done by his consent or caused by his negligence. If the complainant and the agents of the company are both at fault the former may recover, but the damages shall be diminished or increased by the jury in proportion to the amount of default attrib-utable to him.

This statute when read in connection with the previous section (4964) clearly imposed what might be termed a mutual responsibility on the part of both the public and the railroad company to the end that accidents resulting in damage to persons or property may be avoided or reduced to the minimum. As a prerequisite to recover on the part of one becoming a plaintiff, the injury must not have been caused by his consent or negligence, and if shown to have been caused by the joint negligence of the plaintiff and the agents of defendant, his damages shall be diminished or increased by the jury in proportion to the amount of his negligence. As to the defendant, the law makes it liable for any damage to person or property, and in all cases it is

presumed to be negligent unless it shall make it appear that its agents exercised all ordinary and reasonable care and diligence. We think therefore that the law imposes a strict degree of responsibility on both the public and the railroad company in matters of this kind, and that the one can no more escape the responsibility imposed on it than the other. S. A. L. Ry. Co. v. Tomberlin, 70 Fla. 435, 70 So. 437; A. C. L. R. R. Co. v. Weir, 63 Fla. 69, 58 So. 641; A. C. L. Ry. v. Gornto, — Fla. — 103, So. 117.

The amount or degree of negligence on the part of either party is a question to be resolved by the jury. In the case at bar the jury found the unfortunate accident which resulted in the death of the plaintiff's husband to have been occasioned by the negligence or reckless carelessness of the deceased. The verdict and judgment are amply supported by the record, and are affirmed.

Affirmed.

WEST, C. J., AND ELLIS, J., concur.

WHITFIELD, P. J., AND STRUM AND BROWN, J. J., concur in the opinion.