34190. MAYOR AND ALDERMEN OF SAVANNAH *v.* HARVEY, by next friend.

DECIDED SEPTEMBER 26, 1952—REHEARING DENIED OCTOBER 24, 1952.

*Edward M. Hester, Aaron Kravitch,* for plaintiff in error.

*Lewis, Wylly & Javetz,* contra.

FELTON, J. The defendant contends that no cause of action is stated as against it because by an act of 1895 the General Assembly vested exclusive power and jurisdiction over trees within the City of Savannah in the Park and Tree Commission, an independent agency. The contention is. without merit. In construing an act (Ga. L. 1895, p. 292) similar to the one we are concerned with here, the court in *Mayor of Savannah* v. *Grayson,* 104 *Ga.* 105, 112 (2) (30 S. E. 693) said: "The act of 1895, creating the board of fire commissioners of Savannah, among other things provides as follows: The members of this board shall be appointed by the mayor of the city, and confirmed by the mayor and aldermen in council assembled. These commissioners have exclusive supervision of and control over the fire department of the city. The mayor has authority to call special meetings of the board. It is required to make to

him a daily report, upon forms by him prescribed, showing the condition of the fire department, etc. It is also the duty of the board to present to the mayor annually an estimate of the needs of the fire department for the next ensuing year. The mayor has the right to make such recommendations to the board as he may deem proper, and he and any committee of the council designated by him are entitled at all times to inspect the records, proceedings, books and papers of the board; and the mayor and aldermen may, from time to time, confer upon the board any powers, or impose upon it any duties, not inconsistent with this act. Acts of 1895, p. 292. The foregoing recital is sufficient, we think, to demonstrate without further comment that the fire commissioners of Savannah are unquestionably municipal officers of that city." The act under consideration here (Ga. L. 1895, p. 306) is a sister act to that mentioned above and, as amended by Ga. L. 1896, p. 243, and Ga. L. 1911, p. 1531, provides: that the appointment to the Park and Tree Commission be by the mayor and confirmed by the city council assembled; that the commission or any member thereof may be removed from office by the mayor and aldermen in council assembled for malfeasance in office, or for incompetency or neglect in the discharge of the office, or for inability to discharge the duties of the office, or for conviction for the commission of a felony or a crime involving moral turpitude; that the rules and regulations made by the commission as regards its duties must be approved by the mayor and council; and that expenditures for the function of the commission be made by the council. The act also provides that the commission shall submit for approval by the council certain alterations and improvements, an annual estimate of the money needed to operate on, and an annual report. It also provides for recommendations by the mayor, his attendance at board meetings, and for inspections by the mayor and council. The act, as amended, does not make the Park and Tree Commission a separate corporate entity. It does not vest in them the power to sue and be sued, the power to contract, the power to raise money and other powers that usually accompany an independent legal entity. The powers granted to the City of Savannah by the General Assembly regarding its sidewalks, streets, parks, etc., were not taken from

it and vested in the commission by this act as amended. The amended act merely creates an administrative agency through which the municipality may carry out these functions. The membership of the commission, most of its activities, and its financial resources are all controlled and regulated by the mayor and council. The commission is powerless to act independently of the mayor and council. For an excellent discussion of this question see McQuillian on Municipal Corporations, § 53.71, Vol. 18, p. 331, and citations thereunder. Here, as in the *Grayson* case, the act, as amended, plainly shows that the commissioners of parks and trees are agents of the City of Savannah. See Mahon *v.* Mayor &c. of City of New York, 31 N.Y.S. 676 (1). There is no other way for a municipality to operate than through its officers and agents, and it makes no difference whether such agents are persons, boards or commissions, etc. See Miller Grocery Co. *v.* City of Des Moines, 195 Iowa 1310 (192 N. W. 306). Since the act of 1895 as amended does not specifically exempt the city from the duty to keep its streets and sidewalks reasonably safe, it will not be construed to do so by implication, since the rule of construction in such cases requires a construction in favor of the constitutionality of the act. If the act so exempted the city, it would contravene the Constitution. Code, §§ 2-401 and 2-402. In *Harvey* v. *Mayor & Aldermen of Savannah,* 59 *Ga. App.* 12 (199 S. E. 653), cited by the plaintiff in error, the court held that the sidewalk on which the injuries occurred was a part of a public park and that thus the maintenance thereof was a governmental function, a function for which a municipality is not liable in any instance. That question is not raised by the pleadings here. However, even if a tree actually grew in a park so as to render its maintenance a governmental function, if some of its limbs overhung a sidewalk not part of a park so that the sidewalk was not in "a reasonably safe condition, so that persons can pass along them in the ordinary methods of travel with reasonable safety," a municipality would be liable for any injuries caused by such unsafe condition if other requirements of notice and negligence obtain. *City of Silvertown* v. *Harcourt,* 51 *Ga. App.* 160 (1) (179 S. E. 772) ; *City of Barnesville* v. *Sappington,* 58 *Ga. App.* 27, 28 (197 S. E. 342), and cit.;

*City of Rome* v. *Hanson,* 58 *Ga. App.* 617 (199 S. E. 329);
*Harris* v. *City of Rome,* 59 *Ga. App.* 279, 281 (200 S. E. 337).

The petition otherwise stated a good cause of action as against a general demurrer. *Hammock* v. *City Council of Augusta,* 83 *Ga. App.* 217 (63 S. E. 2d, 290).

The exceptions to the overruling of the special demurrers, not being argued or expressly insisted upon, will be treated as being abandoned.

The court did not err in overruling the demurrers.

*Judgment affirmed. Sutton, C.J., and Worrill, J., concur.*