34881. SOUTHERN RAILWAY COMPANY *v.* TURNER *et al.*
34882. CITY OF ATLANTA *v.* TURNER *et al.*

786

DECIDED FEBRUARY 25, 1954—REHEARING DENIED MARCH 17, 1954.

*Edgar A. Neely, Jr., Marshall, Greene, Baird & Neely (Case No. 34881), J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, John E. Feagin, Henry L. Bowden (Case No. 34882), for plaintiffs in error.*

*Scott Hogg, John E. Feagin, Clinton Morgan, Nall, Sterne & Miller (Case No. 34881), Scott Hogg, Clinton Morgan, Nall, Sterne & Miller, Ferdinand Buckley, Marshall, Greene, Baird & Neely (Case No. 34882), contra.*

QUILLIAN, J. ■ The trial court did not err in overruling the general demurrer of the defendant Southern Railway Company. Under the allegations of the petition, it is a question for a jury to decide whether or not the railroad company was negligent. *Georgia Railroad & Bkg. Co. v. Sewell,* 57 *Ga. App.* 674 (196 S. E. 140). The petition does not show as a matter of law that the railroad company was not negligent or as a matter of law that the deceased's negligence, if any, or that the negligence of the driver of the truck, if any, was the sole proximate cause of the death of the plaintiff's husband.

■ The general demurrer of the City of Atlanta was properly overruled. It is a jury question under the allegations of the petition whether the plaintiff's husband was traveling in an unusual manner. The city is bound to keep its streets reasonably safe for persons using them in the usual way, and this duty extends to such obstructions and hazards as actually impede the normal and reasonable use of the streets, whether such obstructions occur in the surface of the street or at some point above the surface. See *Mayor &c. of Savannah v. Harvey,* 87 *Ga. App.* 122 (73 S. E. 2d 260).

■ The trial court erred in overruling the special demurrers of the defendants to paragraph 24 of the petition. This paragraph alleged that, because of the negligence of the defendants, the plaintiff's minor child was deprived of the guidance and assistance of her father in the furtherance of her education and

training, which services were reasonably worth $3,000 per year. Such damages are not recoverable, as such, separately from the value of the life of the deceased. Such facts as were alleged in that paragraph may be considered only on the question of the value of the life of the deceased, but cannot be recovered as a separate item of damages.

■ The remaining grounds of special demurrer interposed by the defendant railroad are without merit. Factitious demands by special demurrer are not favored, and all of such remaining grounds either call for additional facts, or seek to compel the plaintiff to plead matter more appropriate to a defense of the action than to its prosecution.

*Judgments in both cases affirmed in part and reversed in part. Felton, C. J., and Nichols, J., concur.*