### 38091. T. D. SLATER CONTRACTING COMPANY, INC., *et al. v.* WILLIAMS.

550

DECIDED APRIL 22, 1960.

*Dan S. Cowart,* for plaintiffs in error.

*John P. Rabun, J. T. Grice,* contra.

BELL, Judge. ■ It is well settled that this court has no authority, on the general grounds, to disturb a verdict supported by some evidence and approved by the trial judge, even if there is conflicting evidence from which the jury would have been authorized to return a contrary verdict. Here, there is sufficient evidence to support the verdict of the jury, and the verdict has the approval of the trial judge. *Kell* v. *Hunter,* 84 *Ga. App.* 792 (67 S. E. 2d 597).

■ In this action by the wife to recover for the wrongful death of her husband, the court charged the jury, in so far as is here relevant, as follows: "Under the laws of this State a wife may recover for the homicide of her husband, the right to recover the full value of the life of the deceased's husband, as shown by the

evidence. Our law says that the full value of the life of the deceased, as shown by the evidence, is the full value of the life of the deceased, without deduction for necessary or other personal expenses of the deceased had he lived.

"I charge you further, gentlemen, that certain tables, mortality tables, have been introduced in evidence in this case, and you will have them out with you in your determination of this case. These tables purport to show the number of years which a person would probably live in the future, where such person has reached a given age. These tables, gentlemen, are not binding upon you, but you may consider and use them, if you see fit, along with all of the other evidence in the case, as an aid in arriving at a verdict in this case.

"Now, gentlemen of the jury, if, from a consideration of all of the evidence in this case, both oral and documentary, you should find that the plaintiff is entitled to recover, you would then determine what the value of the life of the deceased was; that is, what the value of the deceased was in service which he rendered to the plaintiff in this case, taking into consideration what all of the evidence in the case shows with regard to the value of the life of the deceased and in considering, gentlemen of the jury, what the value of the life of the deceased might have been in future years. If you find that the plaintiff is entitled to recover, the jury should consider the age of the deceased, his education, his health, his employment or lack thereof, his earning capacity, his probable life expectancy, the possible reduction in the value of his life on account of sickness, on account of increasing infirmities of age, his reduction in ability or inability to work and perform his customary tasks and duties, and all other contingencies which might affect the value of his life to the plaintiff and affect his ability to work and perform services during the future years of such life.

"In calculating the value of the life of the deceased, you determine the value of his life, what the value of his life would be during the years you find that he would have lived in the future, but if you find the plaintiff is entitled to recover, you could not award a verdict for the gross amount of the entire value of the life of the deceased for the number of years you might find he

would have lived in the future, but it would be your duty, in this event, gentlemen of the jury, to reduce the gross amount for the value of his life, as you find it to be from the evidence, to its present cash value, and you may do that by using any correct method of calculation satisfactory to you, bearing in mind that the legal rate of interest in Georgia is seven (7) percent per annum."

Shortly after this detailed instruction, the following discussion took place in the presence of the jury: Attorney for the plaintiff: "If Your Honor please, there is a Code section that directs that the method of arriving at the value of a human life is the enlightened conscience of impartial jurors, I think that's the law." The Court: "What's the section?" Attorney for the plaintiff: "I don't know what it is, sir, but that's the wording of it, is the enlightened conscience of impartial jurors." The Court: "All right, say that again." The Court: "I charge you, gentlemen of the jury, that the value of the life of the deceased, in any case, and in this case, is your enlightened conscience as obtained from a consideration of all the evidence in this case. Does that satisfy you?" Attorney for the plaintiff: "Yes, sir."

It is clear and admitted by all parties to this action that the detailed instruction first repeated here for calculating the value of the life of the deceased was a correct and a proper charge to the jury. It is just as clear that the interspersed charge presented in the discussion between the judge and the plaintiff's attorney was an improper charge to the jury, where it was in no way limited, restricted or explained, and where the record shows conclusively that the suit was based only on the seeking of the value of the life of the plaintiff's deceased husband. *Central of Ga. Ry. Co.* v. *Brinson,* 18 *Ga. App.* 113, 114 (6) (88 S. E. 1003); and see *Lawrenceville Oil Mill* v. *Walton,* 143 *Ga.* 259 (2) (84 S. E. 584). Not only was the charge that the value of the life of the deceased is to be determined by the enlightened conscience of impartial jurors error, but its effect on the jury was likely to have been overly emphasized by the repetition of its contents three times in the colloquy between the judge and the plaintiff's attorney. It is a further probability that this seemingly simple uninhibited basis for evaluating the value of the life coming as it did

at the end of the charge to the jury and after the detailed correct and proper charge, would lead the jury to believe that they were authorized by the court to disregard the former and more complicated instruction and base their judgment and finding exclusively as their enlightened conscience might dictate. This part of the charge in no way being otherwise explained away or negatived was error and clearly was harmful and prejudicial to the defendants in this case. See *Savannah, F. & W. Ry. Co.* v. *Hatcher,* 118 *Ga.* 273 (45 S. E. 239); *Gill* v. *Willingham,* 156 *Ga.* 728, 729 (4) (120 S. E. 108). The court erred in overruling the defendant's motion for new trial and such order is hereby

*Reversed. Felton, C. J., and Nichols, J., concur.*