## 44138. SMITH et al. v. McBRIDE et al.

QUILLIAN, Judge. The children of William Boyd McBride filed a claim against the appellants for the wrongful death of Mr. McBride who was killed in a motor vehicle collision. The jury returned a verdict in favor of the plaintiffs in the sum of $25,000. The defendants appealed and the case is here for review. *Held:*

1. The first enumeration of error contends that the verdict of $25,000 was excessive as a matter of law. The defendants insist that the evidence will not support the verdict because at the time of his death the deceased was a 73-year-old retired male with an income of less than $1,200 per year. With this contention we cannot agree. There was evidence that: the deceased was in good health for his age, did his own cooking, house cleaning and yard work; built boats which he sold and gave away; during the year prior to his death he built six boats; assisted one son in the son's full time cabinet work; did all the cabinet work in remodeling his daughter's kitchen and made household repairs for her; stayed with one son's children on many occasions when his daughter-in-law was sick; "canned a lot" and gave the children "a lot of canned goods"; helped one son with his farm supply business.

In the present case the jury in determining the "full value of

the life" (*Code* § 105-1308) could consider not only the monetary value of the father's services but was also authorized to take into consideration the value of the services rendered by the father which were hardly capable of exact proof. *City of Macon v. Smith,* 117 Ga. App. 363, 375 (160 SE2d 622). The record does not reveal that the verdict was the result of gross mistake, undue bias and prejudice on the part of the jury and the trial judge did not err in overruling the motion for a new trial on this ground. *Blue's Truck Line v. Harwell,* 59 Ga. App. 305, 310 (200 SE 500).

2. The second enumeration of error insists that the trial judge should have granted the motion for a new trial because of the court's failure to instruct the jury to disregard evidence dealing with the deceased's average monthly deposits in the bank. When one of the plaintiffs attempted to testify as to the amounts shown on certain bank deposit slips, defendant's counsel entered an objection which was sustained. The record does not disclose that defendant's counsel made any request that the jury be instructed to disregard the evidence to which the objection had been sustained. The overruling of the motion for new trial was not error.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*

ARGUED JANUARY 6, 1969—DECIDED JANUARY 24, 1969.

Woodruff, Savell, Lane & Williams, A. Ed Lane, for appellants. Melton, McKenna & House, Andrew W. McKenna, for appellees.