### 26516, 26517. BULLOCH COUNTY HOSPITAL AUTHORITY v. FOWLER; and vice versa.
### 26518, 26519. MOONEY v. FOWLER; and vice versa.

NICHOLS, Justice. The Court of Appeals has certified the following questions to this court:

"1. (a) Where a widow, having minor children, sues for the wrongful death of her husband, what is the measure of damages

upon which she may recover?

"See *Slater Contracting Co. v. Williams,* 101 Ga. App. 549 (2) (114 SE2d 448), holding that it is not 'the enlightened conscience of the jury.'

"(b) Is her recovery to be measured by the gross sum that her husband would have earned to the end of his life, had he lived, reduced to its present cash value?

"(c) Is her recovery in the nature of, or similar to that of a permanently injured party who seeks recovery of lost future earnings?

"See *Long v. Serritt,* 102 Ga. App. 550, 554 (4) (117 SE2d 216), and citations; *Pollard v. Boatwright,* 57 Ga. App. 565, 568, infra, and citations.

"(d) Are there other items for which she may recover?

"(e) If there are other items for which she may recover, what are they?

"(f) Does the measure of her recovery include a consideration of her loss of the husband's providing for the wants and needs of the family?

"See *The Central Railroad v. Rouse,* 77 Ga. 393 (6) (3 SE 307); *Atlantic, Valdosta & Western R. Co. v. McDilda,* 125 Ga. 468, 471 (54 SE 140); *Central of Ga. R. Co. v. Prior,* 142 Ga. 536, 537 (2) (83 SE 117); *Atlanta, Birmingham & Coast R. Co. v. Thomas,* 64 Ga. App. 253, 255 (7) (12 SE2d 494) (cert. den.); *Pollard v. Boatwright,* 57 Ga. App. 565, 568 (196 SE 215) (cert. den.); *Rhodes v. Baker,* 116 Ga. App. 157 (4) (156 SE2d 545); *Smith v. McBride,* 119 Ga. App. 94 (166 SE2d 407); Compare with *City of Macon v. Smith,* 117 Ga. App. 363, 373 (8) (160 SE2d 622), where the action was for the wrongful death of a mother, and *Savannah Electric Co. v. Bell,* 124 Ga. 663 (57 SE 109); *Henry Grady Hotel v. Watts,* 119 Ga. App. 251, 257 (167 SE2d 205), where the actions were for the wrongful death of a child.

"2. Is the true value of the life of a deceased husband 'the value of the life of the deceased to himself, had he lived?'

"See *Atlanta, V. & W. R. Co. v. McDilda,* 125 Ga. 468, 471, supra; *Pollard v. Boatwright,* 57 Ga. App. 565, 568, supra. *Atlanta, Birmingham & C. R. Co. v. Thomas,* 64 Ga. App. 253, 257-258, supra (cert. den.).

"3. Are such items as a father's society, advice, example and counsel to the widow and to the children proper upon which to submit evidence for the jury's consideration in arriving at the 'full value of the life' of the deceased husband?

"See *The Central Railroad v. Rouse,* 77 Ga. 393 (6), supra, and *Peeler v. Central of Georgia R. Co.,* 163 Ga. 784 (2) (137 SE 24) and *Vickers v. Vickers,* 210 Ga. 488 (80 SE2d 817), (discussing the effect of the 1924 amendment to the wrongful death statute to permit children other than minors to sue); *Southern R. Co. v. Turner,* 89 Ga. App. 785, 788 (3) (81 SE2d 291).

"4. Are the father's society, advice, example, counsel to the widow and children, and the like, elements of consortium for which there can be a recovery in a wrongful death action?

"See cases cited under Question 3 and Complete Auto Transit v. Floyd (5th Cir.) 249 F2d 396, 399, where, in a footnote, the court asserted that 'the Georgia decisions brought before us do not point definitely to the meaning of these words,' referring to 'full value of the life' of a deceased under *Code* §§ 105-1306, 105-1308, and American R. Co. of Porto Rico v. Didricksen, 227 U. S. 145, 33 S. Ct. 576, 57 LE 456; Byrne v. Matczak, 254 F2d 525, 77 ALR2d 1077; Burns v. Laan, 367 Mich. 485 (116 NW2d 873, 876); Schaub v. Hannibal & St. J. R. Co., 106 Mo. 74 (16 SW 924); Staal v. Grand Rapids & Ind. R. Co., 57 Mich. 239, 246 (23 NW 795, 798); Cooper v. Shore Elec. Co., 63 NJL 558 (44 A 633, 636); Capone v. Norton, 11 NJ Supr. 189 (78 A2d 126); McStay v. Przychocki, 7 NJ 456 (81 A2d 761); Costello v. Buffalo Gen. Elec. Co., 170 NYS 1006; Fornaro v. Jill Bros., Inc., 42 Misc2d 1031 (249 NYS2d 833); Armentrout v. Hughes, 247 N. C. 631 (101 SE2d 793, 69 ALR2d 620); Kennedy v. Byers, 107 Ohio St. 90 (140 NE 630); Karr v. Sixt, 146 Ohio St. 527 (67 NE2d 331); Gaydos v. Domabyl, 301 Pa. 523 (152 A 549); Smith v. Presentation Academy of Aberdeen, 61 SD 323 (248 NW 762); 5 Sutherland on Damages (4th) § 1265; Tiffany on Wrongful Death Acts, §§ 154, 158, 160; 22 AmJur2d, Death, §§ 245, 258.

"*But see,* Gilmore v. Los Angeles R. Corp., 211 Cal. 192 (295 P. 42); Dina v. S. A. L. R. Co., 90 Fla. 558 (106 So. 416, 417); Butler v. Williams (Fla. App.) 133 So2d 109; Gulf Transport Co. v.

Allen, 209 Miss. 206 (46 So2d 436); Mishoe v. A.C.L.R. Co., 186 S.C. 402 (197 SE 97); Gomillion v. Forsythe, 218 S. C. 211 (62 SE2d 297); Miller v. Alexandria Truck Lines (Tex.) 273 F2d 897, 79 ALR2d 812; Re Behm's Estate, 117 Utah 151 (213 P2d 657, 40 ALR2d 490); Wolfe v. Lockhart, 195 Va. 479 (78 SE2d 654); Nichols v. U.S.F. & G. Co., 13 Wis2d 491 (109 NW2d 131); Muir v. Haggerty, 77 Wyo. 280 (314 P2d 948).

"*And see Brown v. Ga.-Tenn. Coaches, Inc.,* 88 Ga. App. 519 (77 SE2d 24) (cert. den.); *Walden v. Coleman,* 105 Ga. App. 242, 243 (124 SE2d 313), and cases there cited; *Cody v. Peak,* 113 Ga. App. 676 (2) (149 SE2d 521); *Central of Ga. R. Co. v. Prior,* 142 Ga. 536, 537 (2), supra; Cf. *Louisville & Nashville R. Co. v. Lunsford,* 216 Ga. 289 (116 SE2d 232) holding that items of consortium are not recoverable in a statutory FELA case.

"5. (a) In arriving at the 'full value of the life' of the deceased husband are items such as the age of the deceased at the time of his death, his health, his habits, his expectation of life, the employment or business in which he was engaged and his earnings therefrom, the probable loss or continuation of employment, his voluntary abstinence from work, dullness in business, the probability of a reduction in earnings with his increasing age, his infirmities with increasing age, and a corresponding reduction in earning capacity, proper for consideration by the jury? See cases cited under Questions 1 and 2, and *Central of Georgia R. Co. v. Ray,* 129 Ga. 349 (58 SE 844).

"(b) If the answer to the above question is yes, are these items to be considered other than in assisting the jury to arrive at a fair determination of the deceased's probable gross earnings during the remainder of his expectancy?

"There are other questions to be decided in these cases, and the answers to these questions will not be dispositive of the appeals."

1. The answer to the question 1 (a) is set forth in *Code* §§ 105-1302 and 105-1308 as follows: "A widow, or if no widow, a child or children, minor or sui juris, may recover for the homicide of the husband or parent, the full value of the life of the decedent, as shown by the evidence. (Act 1850, Cobb, 476. Acts

1855-6, p. 155; 1878-9, p. 59; 1924, p. 60)." "The full value of the life of the decedent, as shown by the evidence, is the full value of the life of the decedent without deduction for necessary or other personal expenses of the decedent had he lived. (Acts 1887, pp. 43, 45)."

2. The remaining questions are too broad and the answers must of necessity be determined based upon the facts of the case. As was held in *Willis v. Ga. Power Co.*, 178 Ga. 878 (1) (174 SE 625); "A question is improper which is so broad and indefinite as to admit of one answer under one set of circumstances, and a different answer under another. Each question certified must be a direct question or proposition of law clearly stated, so that it could be definitely answered without regard to other issues of law or of fact in the case." See also *Fisher v. American Cas. Co.*, 194 Ga. 157, 159 (21 SE2d 68), and citations; *Hubbard v. Bibb Brokerage Co.*, 172 Ga. 520 (157 SE 649).

Accordingly, under these circumstances, the court declines to answer the remaining questions.

*All the Justices concur.*

ARGUED MAY 10, 1971—DECIDED MAY 20, 1971.

*Lanier & Lanier, Robert S. Lanier, Allen, Edenfield, Brown & Franklin, B. Avant Edenfield, Neville & Neville, W. J. Neville, Johnston & Brannen, Sam L. Brannen,* for appellants.

*Alton D. Kitchings,* for appellee.

