STATE OF CONNECTICUT *v.* MARVIN BEASLEY
(10691)

DUPONT, C. J., LAVERY and FREEDMAN, Js.

Argued October 2—decision released November 10, 1992

*Suzanne Zitser,* assistant public defender, with whom, on the brief, was *G. Douglas Nash,* public defender, for the appellant (defendant).

*Lawrence J. Tytla,* assistant state's attorney, with whom, on the brief, was *C. Robert Satti, Sr.,* state's attorney, for the appellee (state).

FREEDMAN, J. The defendant was charged with the crime of murder in violation of General Statutes

§ 53a-54a. After a trial by a jury of twelve, the defendant was found not guilty of murder but was found guilty of the lesser included offense of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (3). Thereafter, the trial court sentenced the defendant to be imprisoned in the Connecticut Correctional Institution at Somers for a term of twenty years, the maximum term allowed.

On appeal, the defendant claims that the "trial court violated the defendant's rights to trial by jury and due process of law by sentencing him to the statutory maximum term of incarceration in order to punish him not only for the lesser included charge on which he was convicted but also for the greater charge on which he was acquitted." We disagree.

The defendant did not properly preserve this claim in the trial court. The defendant can prevail on an unpreserved constitutional claim only if all of the conditions of *State* v. *Golding,* 213 Conn. 233, 567 A.2d 823 (1989), are met. Here, we conclude that although there is an adequate record to review the claim and it is a claim of constitutional magnitude, the alleged constitutional violation does not clearly exist and did not clearly deprive the defendant of a fair trial. See id., 239–40.

The defendant bases his claim on two remarks made by the trial court prior to imposing sentence. The first remark followed a statement to the trial court by the victim's mother expressing her disillusionment with the judicial system because the jury found the defendant not guilty of murder. The court responded to the victim's mother by stating that it appreciated her statement "very sincerely" and went on to say that "[i]t was not the court who found this man guilty of manslaughter. It was the jury."

The second remark, made by the trial court immediately prior to imposing sentence, was in pertinent part

as follows: "Mr. Tytla [the state's attorney] was wondering about what was missing as far as the charge of murder is concerned. And I can tell you, Mr. Tytla, it appeared to me from what the jury said, and I discussed this with them, they didn't believe that there was a specific intent shown. My only reply to that is that shooting a man five times in the back is pretty specific as far as I'm concerned. I've had experience with guns in my service time. I've shot .45's on more than one occasion. And I don't believe that a .45 gun is going to go ta, ta, ta, ta, without somebody's finger being there. I may be paraphrasing Mr. Beasley's testimony, but that essentially is what he said. As far as this court is concerned, the facts and circumstances involved in this case, as I heard them in this courtroom, dictate that the court is to impose the maximum penalty."

"[I]f a sentence is within statutory limits it is not generally subject to modification by a reviewing court. . . . A sentencing judge has very broad discretion in imposing any sentence within the statutory limits and in exercising that discretion he [or she] may and should consider matters that would not be admissible at trial. . . . To arrive at a just sentence, a sentencing judge may consider information that would be inadmissible for the purpose of determining guilt . . . evidence of crimes for which the defendant was indicted but neither tried nor convicted . . . evidence bearing on charges for which the defendant was acquitted . . . and evidence of counts of an indictment which has been dismissed by the government." (Citations omitted; internal quotation marks omitted.) *State* v. *Huey*, 199 Conn. 121, 126, 505 A.2d 1242 (1986).

"The trial court's discretion, however, is not completely unfettered. As a matter of due process, information may be considered as a basis for a sentence only if it has some minimal indicium of reliability. . . . As long as the sentencing judge has a reasonable, persuasive basis for relying on the information which he

[or she] uses to fashion his [or her] ultimate sentence, an appellate court should not interfere with his [or her] discretion." (Citation omitted.) Id., 127.

We have carefully examined the sentencing proceedings in this matter and conclude that the trial judge considered only information that met the test of reliability and that he had a reasonable and persuasive basis for relying on that information in fashioning the sentence. Consequently, the defendant's claim must fail because the alleged constitutional violation does not clearly exist. *State* v. *Golding,* supra, 240.

The judgment is affirmed.

In this opinion the other judges concurred.