[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendant was convicted of six separate capital felony charges each in violation of General Statutes § 53a-54d. At a separate sentencing hearing, the same jury considered further evidence and found an aggravating factor and no mitigating factor with respect to each charge whereupon the sentence of death was imposed on each charge. On appeal the convictions were affirmed. The imposition of the death penalty, however, was reversed and the matter was remanded for a new sentencing hearing on all files. State v. Ross, 230 Conn. 183 (1994).
Subsequent to the remand, defendant elected to represent himself pro se and stand-by counsel was appointed. The State and defendant then entered into a stipulation reserving seven CT Page 4858 questions for the advice of the Supreme Court.
On June 11, 1996, the Supreme Court declined the reservation.State v. Ross, 237 Conn. 332 (1996).
On August 2, 1996, the State moved for this Court to determine:
 (1) What the composition of the "court" under General Statutes § 53a-46 (a)(b) should be at the penalty phase rehearing, and, if the court decides that the statute provides for a three judge panel, then to further judicially determine whether the state and defendant can effectively agree that such hearing and imposition of sentence shall be by the court composed of a single judge; and
 (2) The extent of the right of the pro se defendant to control the contents of his defense at the rehearing. Included in the parameters of this issue is whether or not the defendant can effectively object to the presentation of allegedly mitigating evidence and/or the consideration of such evidence by the trier of fact at such hearing.
On August 14, 1996, defendant acting pro se requested that the sentencing hearing be held "before the Court" as provided in General Statutes § 53a-46a(b)(3). The request expressed defendant's desire and belief that the Court consist of a single judge. The State is also in support of a sentencing hearing before a single judge.
The parties have filed briefs in support of their position and the Division of Public Defender Service has filed a brief in opposition.
The issues presented involve the composition of the Court and defendant's right to control the evidence presented on his behalf.
I. Composition of the Court
In remanding this case to the trial court for an "entirely new sentencing hearing pursuant to § 53a-46a," the Court gave no indication concerning the composition of the tribunal before CT Page 4859 which the hearing should be held. While the Court did find that defendant was "entitled to have a sentencing jury consider extenuating circumstances," within the context with which this language is found, it is more likely to conclude that the Court was referring to the original trial jury. There is nothing in the decision to indicate that the Court was attempting to mandate any particular type of forum. In fact, the language used, "entirely new sentencing hearing pursuant to § 53a-46a," appears to indicate that any option legally available under that statute would be appropriate. Ross I, supra, 230 Conn. 286.
Section 53a-46a(b) provides that the hearing to determine the sentence to be imposed after conviction of a capital felony shall be conducted:
(1) before the jury which determined defendant's guilt.
 (2) before a jury impaneled for the purpose of such hearing if:
(A) defendant was convicted on a plea of guilty.
 (B) defendant was convicted after trial before three judges as provided in § 53a-45 (b).
 (C) if the jury which determined defendant's guilt has been discharged by the Court for good cause.
 (3) before the Court, on motion of the defendant and with the approval of the Court and consent of the State.
For all practical purposes, a rehearing before the original trial jury is impossible and inappropriate. It is obvious that options (2)(A) and (B) do not apply. Option (2)(C), however, is applicable since the original trial jury was properly discharged at the conclusion of the trial and the sentencing hearing.
Defendant then is entitled to a new sentencing hearing before a jury impaneled for the purpose of such hearing.
Defendant has indicated that the rehearing be held by the Court. Under Option (3) he would also be entitled to a hearing before the Court with the approval of the Court and the consent of the State. CT Page 4860
Section 53a-45 allows a person held to answer for murder or a capital felony to waive his right to a jury and elect to be tried by the Court. The statute further provides that the Court shall be composed of three judges designated by the Chief Court Administrator or his designee.
Subsection (3) of § 53a-46a(b) provides for a sentencing hearing before the Court. It is clear from a reading of the applicable statutes that the term "court" means the three-judge court which may be elected under § 53a-45.
It must then be concluded that the Court, consisting of three judges, appointed in accordance with § 54-45, on motion of the defendant, with the approval of the Court and consent of the State, could conduct a new sentencing hearing.
Defendant has moved that the sentencing hearing be held before this Court. He has also requested that the Court consist of one judge.
The State, while not indicating consent to a hearing before the Court, has asked for a judicial determination as to whether by stipulation or waiver, the Court can be reduced to a single judge and has indicated supported for this procedure.
A review of the applicable statutes and case law leads to the conclusion that this cannot be done. The State and defendant cannot waive or stipulate that the sentencing hearing be held before a single judge.
The language of § 53a-46a(a) clearly expresses a legislative intent that the procedure for the imposition of the death penalty be strictly observed.
 A person shall be subject to the penalty of death for a capital felony only if a hearing is held in accordance with the provisions of this section. (Emphasis added.)
Section 53a-46a contains no specific authorization for a single judge to conduct a hearing on the imposition of the death sentence. The only mention of a single judge is found in subsection (b) which provides that "(for) the purpose of determining the sentence to be imposed when a defendant is convicted of or pleads guilty to a capital felony, the judge orjudges who presided at trial or before whom the guilty plea was CT Page 4861 entered shall conduct a separate hearing . . ." (Emphasis added.) Throughout the rest of the statute, the word "court" is used rather than judge or judges. Section 53a-45 provides that when in a proceeding under § 53a-46a, a defendant waives his right to a jury and elects to be tried by the Court, the Court shall be composed of three judges. It must be concluded then that the word "court" found in § 53a-46a refers to the three-judge court specifically authorized under § 53a-45 to conduct such proceedings. The reference to a single judge in § 53a-46a(b) must then be the judge who presided over the jury trial.
The State argues to the contrary and claims that § 53a-46a(b) provides that a single judge before whom a plea of guilty has been entered may conduct the separate penalty hearing authorized by the statute. In support of this argument, the State points out that, despite the three-judge requirement of § 53a-45, single judges routinely accept pleas of guilty to murder, conduct a sentencing hearing in accordance with Connecticut Practice Book § 919, and impose a sentence which could not be less than 25 years and could involve life imprisonment, defined as sixty years. General Statutes § 53a-35a, § 53a-35b.
The sentencing procedure in a situation where a plea of guilty to murder under § 53a-54a or § 53a-54c has been entered is significantly different from the procedure mandated in a capital case. The sentencing hearing for a murder conviction is governed by Connecticut Practice Book § 919. Under the provisions of that rule, the judge is entitled to consider a broad range of information which could be considered aggravating and which could not be admitted under the rules of evidence at a trial. State v. Beasley, 29 Conn. App. 452, 454 (1992); U.S. v.Watts, No. 95-1906, decided 1/6/97.
The capital sentencer, either the court or jury, is involved in a much more grave task and must proceed with an appropriate awareness of the truly awesome responsibility entrusted to it.State v. Breton, 235 Conn. 206, 245 (1995). Unlike the broad provisions of Connecticut Practice Book § 919, designed to provide the sentencing judge with a broad range of information, General Statutes § 53a-46a imposes upon the capital sentencer strict procedures designed to insure the constitutionality of the proceedings, Ross I, 230 Conn. 183, 230-56. Connecticut has a "guided discretion" death penalty statute that channels the sentencer's discretion through fixed criteria for consideration.State v. Daniels, 207 Conn. 374, 383 (1988). The death penalty CT Page 4862 may be imposed, for example, only if the trier of fact has found that the State has established the existence of aggravating factors beyond a reasonable doubt and that the defendant has failed to establish a mitigating factor by a preponderance of the evidence. State v. Daniels, 207 Conn. 384-85, supra. Aggravating factors are limited by § 53a-46a to seven specific situations.
The claim that the procedure for sentencing a person convicted of murder is analogous to the procedure for sentencing a person convicted of a capital felony is not correct.
The parties cannot by stipulation or waiver create a sentencing procedure which is at variance with the procedure mandated by statute.
 II
The second question which the Court has been requested to answer deals with the extent which the pro se defendant can control the contents of his defense at the rehearing. The issue presented is whether or not defendant can effectively object to the presentation of allegedly mitigating evidence and the consideration of such evidence by the trier of fact at a new sentencing hearing.
Under this part of the motion, the parties are requesting the Court to render a decision which would bind a future tribunal. The makeup of that tribunal, court or judge and jury, has not yet even been determined.
The question itself involves both an issue of substantive law and the admissibility of evidence. Any ruling which the Court might make on the question would not be binding on the future tribunal. At best, it would become the law of the case.
 "The law of the case . . . expresses the practice of judges generally to refuse to reopen what has been decided and it is not a limitation on their power. . . . Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided. . . ." Breen v. Phelps, 186 Conn. 86, 99, 439 A.2d 1066 (1982). "Nevertheless, if the case comes before [a subsequent judge] regularly and he CT Page 4863 becomes convinced that the view of the law previously applied by his coordinate predecessor was clearly erroneous and would work a manifest injustice if followed, he may apply his own judgment. Id., 100." Lewis v. Gaming Policy Board, 224 Conn. 693, 697 (1993).
It would be, at least, highly imprudent for the Court to decide this vital question which the defendant and the State might rely on when the decision could be rejected in the future.
Accordingly, the issue presented cannot now be decided.
 III
It must then be concluded that:
(1) Defendant's new sentencing hearing may be held before the Court with the approval of the Court and consent of the State. General Statutes § 53a-46a(b).
(2) Such court shall be composed of three judges designated by the Chief Court Administrator. General Statutes § 53a-45.
(3) The extent of the right of the pro se defendant to control the contents of his defense at the new sentencing hearing will be decided by the judge or judges presiding at such hearing.
PURTILL, J.