John BAGBY, Petitioner,

v.

The TRUSTEES OF the CLAREMORE
JUNIOR COLLEGE AUTHORITY, a
Public Trust, et al., Respondents.

No. 47407.

Supreme Court of Oklahoma.

June 14, 1974.

Rehearing Denied June 19, 1974.

Jon D. Douthitt, Claremore, for petitioner.

Leon S. Hirsh, Paul Johanning, David Hudson, Tom G. Hilborne, Jr., Oklahoma City, for respondent, Board of County Commissioners of Rogers County.

T. Jack Graves, Claremore, for respondent, Trustees of The Claremore Junior College Authority.

IRWIN, Justice:

In this original proceeding petitioner seeks to enjoin the Board of Regents, Claremore Junior College, from selling and conveying certain real property to the Trustees of the Claremore Junior College Authority, a public trust. The Board of Regents offered to sell the real property to the highest bidder at a public sale, reserving the right to reject any and all bids. The Authority submitted the highest bid.

Petitioner challenges the validity of the sale and conveyance solely on the ground that 70 O.S.Supp.1973, § 4001(d) forbids the creation of additional public trusts to finance the purchase of land or facilities or the construction of facilities at institu-

tions of higher learning. Petitioner contends that the public trust, The Claremore Junior College Authority, was created expressly for the purposes forbidden by § 4001(d) supra, and is void. Petitioner argues that since the trust is void, the Board of Regents may not legally sell or convey the real property to the Trust Authority.

* 70 O.S.Supp. 1973, § 4001(d), provides:

"(d) It is the intent of the Legislature that no additional public trusts be created to finance the purchase of land or facilities or the construction of facilities at institutions of higher learning or their agencies and that no beneficial interest in a public trust be accepted on behalf of the State of Oklahoma or any agency thereof involving an institution of higher learning; * * *."

The above provision is part of an amendatory act, effective April 25, 1973, of 70 O.S. 1971, § 4001, contained in Article X of Title 70, which relates to the issuance of revenue bonds by institutions of higher learning. See 1973 Session Laws, Chap. 43, pages 59–61.

The Authority was allegedly created pursuant to 60 O.S. 1971, §§ 176–180.3. Under the terms of the "Declaration of Trust" Rogers County is the Beneficiary of the trust, and on termination of the trust, the Beneficiary [Rogers County] will receive the residue of the Trust Estate. The validity of the trust as the same pertains to Rogers County and the Authority is not in issue.

The Declaration of Trust contains this proviso:

"In consideration of the educational, cultural and economic benefit incurring to the Beneficiary and its inhabitants by reason of the existence and maintenance of Claremore Junior College within the corporate limits of the Beneficiary, all distributions allocable to the Beneficiary shall be paid to Claremore Junior College."

The acceptance of the beneficial interest in the trust was made by the Board of County Commissioners of Rogers County.

The record does not disclose any acceptance of any interest in the trust on behalf of or for Claremore Junior College as prescribed by 60 O.S.1971, §§ 176, 177.

An examination of § 4001(d) discloses that it relates only to the creation of additional public trusts pursuant to 60 O.S. 1971, §§ 176–180.3, for the purpose of financing the purchase of land or facilities or the construction of facilities at institutions of higher learning.

In the case at bar no facilities will be constructed at Claremore Junior College because the College, by sale, proposes to divest itself of all right, title and interest in the real property involved, except an undivided one-half interest in the minerals. Rogers County is the Beneficiary of the proposed trust and not Claremore Junior College and there has been no acceptance of any beneficial interest on behalf of Claremore Junior College as prescribed by law.

 If public trusts could be used as a vehicle to finance the construction of facilities at institutions of higher learning, no public trust has been created, pursuant to 60 O.S. 1971, §§ 176–180.3, to finance the purchase of land or facilities or the construction of facilities at Claremore Junior College. Since no public trust has been created to finance the purchase of land or facilities or the construction of facilities at an institution of higher learning; and since § 4001(d) relates only to the creation of public trusts for those purposes, Petitioner's Application for Writ of Prohibition, based entirely on the applicability of § 4001(d), presents an abstract or hypothetical question of law. In other words, petitioner has asked this Court to hold that § 4001(d) prohibits the creation of additional public trusts to finance the purchase of land or facilities or the construction of facilities at institutions of higher learning where the public trust in question was not created for those purposes. This Court on appeal will not determine abstract or hypothetical questions. Eberle v. State ex rel. Department of Highways (1963), Okl., 385 P.2d 868; and Edwards v. Hanna Lumber

Company (1966), Okl., 415 P.2d 980. Neither will this Court assume original jurisdiction to determine an abstract or hypothetical question.

We have considered and determined only one issue in this proceeding and that is petitioner has placed in issue an abstract or hypothetical question and this Court will not assume original jurisdiction to determine such question.

Application to assume original jurisdiction denied.

DAVISON, C. J., and BERRY, HODGES, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.