**Stowe Center, Inc. v. Burlington Savings Bank**

[451 A.2d 1114]

No. 413-81

Present: **Barney, C.J., Billings, Hill, Underwood and Peck, JJ.**

Opinion Filed September 7, 1982

*John A. Burgess*, San Francisco, California, for Plaintiff-Appellant, and *John S. Hodska, Jr.*, pro se, Stowe.

*Gear and Davis*, Burlington, for Defendant-Appellee.

**Billings, J.** In 1973 plaintiff executed a mortgage to the defendant on land and premises known as Stowe Center. The mortgage secured various loans made by the defendant to the plaintiff and were evidenced by certain executed notes. In 1977, the defendant brought foreclosure proceedings because the plaintiff was in default. In February 1978, after extensive negotiations, the parties entered into an oral stipulation. This stipulation was placed on the record after questioning by the

presiding judge as to whether the parties understood and consented thereto. Pursuant to the stipulation a consolidated judgment and decree of foreclosure was executed by the trial court in June 1978. The period of redemption for the plaintiff ended on June 30, 1978, and for all other parties on July 7, 1978. No one redeemed the property. On June 30, 1978, plaintiff sought permission to appeal pursuant to 12 V.S.A. § 4601, and on July 26, 1978, the trial court orally denied the request, and issued a written order on August 9, 1978. On July 27, 1978, a certificate of nonredemption was issued and subsequently duly recorded in the Stowe land records. The plaintiff did not appeal the denial for permission to appeal.

On July 28, 1978, the plaintiff filed a voluntary petition in bankruptcy. The bankruptcy court held that the plaintiff still had an interest in the real estate to the extent of the equity of redemption, and included this interest in the bankruptcy estate. The United States District Court for Vermont reversed the bankruptcy court and held that at the expiration of the redemption periods defendant had title to the mortgaged property and, therefore, it was not part of the bankruptcy estate. On appeal the United States Court of Appeals affirmed the District Court of Vermont's decision. On January 25, 1979, plaintiff was discharged in bankruptcy. In October 1980, the United States District Court of Vermont dismissed the plaintiff's petition for determination of the validity of the mortgages and notes held by the defendant on the basis of the doctrine of res judicata. No appeal was taken from this decision.

In April 1981 plaintiff filed the complaint here on appeal challenging the validity of the notes and mortgages held by the defendant and sought the surplus between the value received by the defendant when it sold the property in the fall of 1980 and the amount of the actual debt. Defendant filed a motion to dismiss, V.R.C.P. 12(b)(6), for failure to state a claim, and a motion for summary judgment, V.R.C.P. 56, claiming that plaintiff was barred from raising the issue of the validity of the mortgage and notes by the doctrines of res judicata and collateral estoppel. The trial court granted defendant's motion for summary judgment on the basis of res judicata from which order the plaintiff now appeals. We affirm.

█ Plaintiff filed to appeal the denial of his request for permission to appeal in the original foreclosure action. Therefore, the foreclosure decree became a final judgment settling all issues as to the validity of the mortgage and notes. Plaintiff is barred under the doctrine of res judicata from raising the identical issues in the present action which were part of the foreclosure proceeding. *City of Barre* v. *Town of Orange,* 139 Vt. 437, 439, 430 A.2d 444, 445 (1981); *Town of Waterford* v. *Pike Industries, Inc.,* 135 Vt. 193, 194, 373 A.2d 528, 529 (1977).

██ Under Vermont law if no one redeems foreclosed property within the prescribed period, the foreclosing mortgagee, pursuant to the Vermont strict foreclosure procedure, 12 V.S.A. chapter 163, subchapter 6, obtains full and complete title and has the right to sell the property and retain the surplus, if any. *Dieffenbach* v. *Attorney General of Vermont,* 604 F.2d 187, 192 (2d Cir. 1979); *Aldrich* v. *Lincoln Land Corp.,* 130 Vt. 372, 376, 294 A.2d 853, 855 (1972). The defendant, here, obtained such rights in the property, and had the full right to retain any surplus.

The judgment of the trial court granting defendant summary judgment is without error.

*Affirmed.*