## Cattle Investors Management Corp. v. Phillip and Sandra Poutre; Norbert Blais d/b/a Blais Surveying

[535 A.2d 787]

No. 84-555

Present: **Allen, C.J., Peck, J., and Barney, C.J. (Ret.), Keyser, J. (Ret.) and Costello, D.J. (Ret.), Specially Assigned**

Opinion Filed October 9, 1987

*M. Jerome Diamond* and *Stephen C. Smith* of *Diamond & Associates, P.C.*, Montpelier, for Plaintiff-Appellee.

*Gregory P. Howe*, Newport, for Defendants-Appellants.

**Peck, J.** This action involves the foreclosure of a mortgage deed. On appeal, defendants claim the trial court erred in denying permission to appeal the judgment of foreclosure and in refusing to allow the defendants to exercise a power of sale.[1] We affirm.

Plaintiff, Cattle Investors Management Corp., was the holder of a note and mortgage deed executed by defendants, Phillip M.

---

[1] At oral argument, defendants withdrew a third claim of error that the court improperly denied a request for a trial by jury.

Poutre and Sandra Poutre, in March 1980. Both the note and the mortgage were given as security for obligations arising out of a series of contracts involving the placement of cattle on defendants' farm. In 1981, plaintiff instituted foreclosure proceedings and after a nonjury trial in Orleans Superior Court, judgment was entered for the plaintiff on April 9, 1984. Pursuant to the foreclosure decree, defendants' redemption period ran until November 5, 1984.

On April 27, 1984, defendants filed, pro se, a notice of appeal with this Court. We dismissed on August 8, 1984, for lack of jurisdiction because defendants had not sought leave to appeal from the trial court, pursuant to 12 V.S.A. § 4601.

No further action was taken until the redemption period expired, and plaintiff obtained a certificate of nonredemption and a writ of possession. On November 7, 1984, defendants requested leave of the court to appeal the foreclosure decree. The court denied the request as untimely since permission to appeal was not sought within thirty days of the date of judgment or, at the very latest, of the date of this Court's dismissal of defendant's improper appeal.

In its challenge to the court's denial of permission, defendants concede that appeal must be taken from an entry of judgment within thirty days, pursuant to V.R.A.P. 4; 12 V.S.A. § 2383. However, defendants argue that the judgment did not become "absolute" until the redemption period ran on November 5, 1984 and, thus, their motion for permission to appeal was timely. Defendants' position is without either support or reason. Entry of judgment, which triggers the running of the appeal period, occurs on the date the order is entered in the civil docket. V.R.A.P. 4. Here, the order was entered in the docket on April 9, 1984.[2] Defendants cite no authority to support the position that entry of judgment in foreclosure proceedings occurs after the redemption period, and such a rule would upset the statutory time frame established for foreclosures. Having sought permission several months after entry of judgment, defendants were properly denied leave to appeal.

---

[2] Defendants' initial procedurally defective appeal to this Court did not toll the running of the appeal period. Even if it had, appeal from the foreclosure decree was still inexcusably late.

As a result of the untimely appeal, defendants are barred from raising other issues relating to the merits of the foreclosure action. *Stowe Center, Inc.* v. *Burlington Savings Bank*, 141 Vt. 634, 636-37, 451 A.2d 1114, 1115 (1982).

*Affirmed.*