OPINION OF THE COURT
 

 Per Curiam.
 

 The United States Court of Appeals for the Second Circuit has certified to this court the following question: "[W]hether New York’s Franchise Sales Act, N.Y. Gen. Bus. Law § 686 (McKinney 1984), provides a basis for personal jurisdiction as well as a method for service of process.” Although we accepted the question for review pursuant to section 500.17 of this court’s rules (22 NYCRR 500.17), upon such review we now conclude that the question, as proffered, does not satisfy our State constitutional requirement that the question certified "may be determinative of the cause * * * pending in the certifying court” (NY Const, art VI, § 3 [b] [9]). Therefore, we must decline to answer the question.
 

 The question arose in the following context. Plaintiff, a New York corporation, entered into seven franchise agreements with Software Centre International (SCI), a California franchisor, for microcomputer software retail stores to be located in New York State. Shortly thereafter, however, SCI went bank
 
 *790
 
 rupt and never performed the agreement. Plaintiff then commenced this lawsuit in the Federal District Court for the Eastern District of New York seeking recovery of deposits it paid and expenses it incurred under the agreements. Among other things, plaintiff alleged that during a California meeting defendants Robert Fick and William Janeski, both California residents and officers of SCI, had made various misrepresentations concerning SCI’s financial condition and other relevant aspects of the arrangement, upon which plaintiff relied in entering into the agreements. Plaintiff claimed that, by reason of these misrepresentations, defendants had violated New York’s Franchise Sales Act (General Business Law § 680
 
 et. seq.).
 

 The United States District Court granted the motions of Janeski and Fick to dismiss the complaint as against them for want of personal jurisdiction. The court rejected plaintiff’s claim that a jurisdictional basis could be found in General Business Law § 686, which provides that "[a]ny person who shall offer to sell or sell a franchise in this state as a franchisor, subfranchisor or franchise sales agent shall be deemed to have irrevocably appointed the secretary of state as his or its agent upon whom may be served [process] directed to such person, or any partner, principal, officer, salesman or director thereof’. In addition, relying in part on the fiduciary shield doctrine, the court held that SCI’s activities in New York did not provide a basis for jurisdiction over the individual defendants under CPLR 302 (a).
 
 *
 
 Plaintiff appealed to the Second Circuit Court of Appeals which, as noted, certified to this court the question quoted above.
 

 It is now apparent that the question certified does not comport with our rules (22 NYCRR 500.17) or the constitutional provision which authorizes our response to certified questions (NY Const, art VI, § 3 [b] [9]) because it does not satisfy the requirement that it "may be determinative” of the pending action. If we were to answer the question, as framed, in the affirmative, we would establish only the abstract proposition that, in some circumstances, section 686 provides a basis for jurisdiction. Such an answer would not necessarily determine, for example, whether the statute provides a basis for jurisdiction where, as in the present case, the individual
 
 *791
 
 defendants have apparently engaged in no activities within this State.
 

 In addition, the certified question asks only whether the statute provides a basis for personal jurisdiction as well as a method for service of process, but we cannot answer that question in a vacuum, divorced from consideration of the constitutionality of the statute in its actual application. Defendants mounted a constitutional challenge in the District Court, based on the absence of minimal contacts, but neither the certified question nor plaintiffs unopposed submission in this court permits consideration of that issue. We would have to assume constitutionality in order to answer the question posed.
 

 Finally, even if this court were to conclude that this statute did not provide a basis for personal jurisdiction, that answer would not be determinative here, since the question would remain whether our long-arm statute (CPLR 302) makes these defendants amenable to suit in this State in any event. Thus, however we might respond to the question, as framed, our answer would not be meaningful, let alone dispositive of the cause pending in the Second Circuit.
 

 Accordingly, the question certified to this court by the United States Court of Appeals for the Second Circuit should not be answered upon the ground that it does not satisfy the requirements of article VI, § 3 (b) (9) of the New York Constitution and section 500.17 of this court’s Rules of Practice.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion.
 

 Following certification of a question by the United States Court of Appeals for the Second Circuit and acceptance of the question by this court pursuant to section 500.17 of the Rules of Practice of the New York State Court of Appeals (22 NYCRR 500.17), and after hearing argument by counsel for one of the parties and consideration of a brief and appendix submitted, no other parties having appeared or submitted papers, certified question not answered.
 

 *
 

 We note that the District Court’s decision preceded our discussions of the fiduciary shield doctrine in
 
 Kreutter v McFadden Oil Corp.
 
 (71 NY2d 460) and
 
 CPC Intl. v McKesson Corp.
 
 (70 NY2d 268).