## STATE OF CONNECTICUT *v.* MICHAEL B. ROSS
### (15330)

Peters, C. J., and Callahan, Borden, Berdon, Norcott, Palmer and Dupont, Js.

Argued May 1—officially released June 11, 1996

*C. Robert Satti, Sr.*, special assistant state's attorney, with whom were *Harry Weller*, assistant state's attorney, and, on the brief, *Kevin T. Kane*, state's attorney, for the appellant (state).

*T. R. Paulding, Jr.*, for the appellee (defendant).[1]

*G. Douglas Nash*, public defender, with whom, on the brief was *Gerard A. Smyth*, chief public defender,

---

[1] Although the defendant has elected to represent himself at trial, he is represented by counsel in this appeal.

for the office of the chief public defender as amicus curiae.

PER CURIAM. The dispositive issue in this appeal presenting seven questions of law reserved to this court by the trial court is whether, under all of the circumstances presented by this death penalty case, this court should answer the reserved questions in advance of further plenary proceedings at trial.[2] Exercising the discretion vested in this court by General Statutes § 52-235[3] and Practice Book §§ 4147 and 4148;[4] see *State* v.

---

[2] After the filing of the reservation in this court, we ordered the parties to prepare briefs addressing the propriety of a decision by this court responding to the questions of law contained in the reservation. In view of our understanding that the state and the defendant both would urge us to respond affirmatively, we invited other interested persons to file amicus briefs. We are grateful to the office of the chief public defender for its assistance as amicus curiae.

[3] General Statutes § 52-235 provides in relevant part: "Reservation of questions of law. (a) The superior court, or any judge of the court, with the consent of all parties of record, may reserve questions of law for the advice of the supreme court or appellate court in all cases in which an appeal could lawfully have been taken to said court had judgment been rendered therein. . . ."

[4] Practice Book § 4147 provides in relevant part: "[Reservations]—In General

"A reservation shall be taken to the supreme court or to the appellate court from those cases in which an appeal could have been taken directly to the supreme court, or to the appellate court, respectively, had judgment been rendered. . . .

"The court will not entertain a reservation for its advice upon questions of law arising in any action unless the question or questions presented are such as are, in the opinion of the court, reasonably certain to enter into the decision of the case, and it appears that their present determination would be in the interest of simplicity, directness and economy of judicial action. . . ."

Practice Book § 4148 provides: "[Reservations]—Stipulation

"Before any question shall be reserved by any court, counsel shall file in that court a stipulation which shall clearly and fully state the question or questions upon which advice is desired; that their present determination by the supreme or the appellate court would be in the interest of simplicity, directness and economy in judicial action, the grounds for such allegation being particularly stated; that the answers to the questions will determine, or are reasonably certain to enter into the final determination of the case; and that the parties request that the questions be reserved for the advice of the supreme or the appellate court."

*Sanabria*, 192 Conn. 671, 683–85, 474 A.2d 760 (1984); we conclude that it would be imprudent for us to answer the reserved questions and, therefore, we decline to do so.

The defendant, Michael B. Ross, was convicted of six counts of capital felony in violation of General Statutes § 53a-54b[5] and, after a separate penalty phase hearing pursuant to General Statutes § 53a-46a,[6] was sentenced to death. We affirmed the defendant's convictions in their entirety but set aside the judgments with respect to the imposition of the death penalty. We held that, contrary to the requirements of § 53a-46a (c),[7] eviden-

---

[5] General Statutes § 53a-54b provides in relevant part: "Capital felony. A person is guilty of a capital felony who is convicted of any of the following . . . (5) murder by a kidnapper of a kidnapped person during the course of the kidnapping or before such person is able to return or be returned to safety . . . (7) murder committed in the course of the commission of sexual assault in the first degree . . . ."

[6] General Statutes § 53a-46a provides in relevant part: "Hearing on imposition of death penalty. Aggravating and mitigating factors. (a) A person shall be subjected to the penalty of death for a capital felony only if a hearing is held in accordance with the provisions of this section.

"(b) For the purpose of determining the sentence to be imposed when a defendant is convicted of . . . a capital felony, the judge . . . who presided at the trial . . . shall conduct a separate hearing to determine the existence of any mitigating factor concerning the defendant's character, background and history, or the nature and circumstances of the crime, including any mitigating factor set forth in subsection (g), and any aggravating factor set forth in subsection (h). . . ."

"(c) In such hearing the court shall disclose to the defendant or his counsel all material contained in any presentence report which may have been prepared. No presentence information withheld from the defendant shall be considered in determining the existence of any mitigating or aggravating factor. Any information relevant to any mitigating factor may be presented by either the state or the defendant, regardless of its admissibility under the rules governing admission of evidence in trials of criminal matters, but the admissibility of information relevant to any of the aggravating factors set forth in subsection (h) shall be governed by the rules governing the admission of evidence in such trials. The state and the defendant shall be permitted to rebut any information received at the hearing and shall be given fair opportunity to present argument as to the adequacy of the information to establish the existence of any mitigating or aggravating factor. . . ."

[7] See footnote 6.

tiary rulings by the trial court at the penalty phase hearing had impaired the defendant's ability to prove extenuating circumstances that might explain his behavior and mitigate his moral culpability and might therefore counsel against the ultimate sanction of death. *State* v. *Ross*, 230 Conn. 183, 286, 646 A.2d 1318 (1994), cert. denied, 513 U.S. 1165, 115 S. Ct. 1133, 130 L. Ed. 2d 1095 (1995). Accordingly, we remanded the cases to the trial court for a penalty phase rehearing pursuant to § 53a-46a.

In the course of preparing for the penalty phase rehearing, the state and the defendant entered into a stipulation requesting the trial court to reserve to this court seven questions of law relating to the conduct of such a hearing. The trial court approved the stipulation and agreed to the reservation of the following questions:

"(1) If the rehearing of the penalty phase is held before the court rather than a jury, will the decision of the majority of the judges of that court be sufficient to render judgment as to the findings of the existence or non-existence of an aggravating factor and as to the existence or non-existence of a mitigating factor?

"(2) If the answer to question #1 is in the affirmative, will the decision of the majority of that court be sufficient to impose sentence?

"(3) Does the pro se defendant have the right to waive the presenting of evidence that might tend to be mitigating in nature at the rehearing of the penalty phase?

"(4) If the answer to question #3 is in the affirmative and the defendant waives his right to present possibly mitigating evidence and further objects to the presentment of any possibly mitigating evidence in his behalf, will the trial court be bound by the voluntary actions of the defendant?

"(5) If the answer to question #4 is in the negative, is the court permitted or required to appoint counsel

to present evidence that might tend to be mitigating in nature?

"(6) Here, where at the first penalty phase hearing the defendant presented evidence that he then claimed to be mitigating in nature that was insufficient to convince that trier-of-fact that a mitigating factor existed, is the new trier-of-fact required to consider that pre-existing evidence in arriving at its judgment, even though the defendant objects to a consideration of such evidence?

"(7) If the sentence of death is imposed, do the provisions of [Public Acts 1995, No. 95-16, § 3 (b)] apply to the review of such sentence by the Supreme Court, thus eliminating any requirement of a proportionality review of such sentence?"

The factual stipulation accompanying the reserved questions recites the following history of events subsequent to the remand ordered by this court. "The defendant has expressed a desire to have the [penalty phase rehearing] before a court (as opposed to a jury); to stipulate to the existence of aggravating facts; and to object to the presentment of any mitigating evidence in his behalf. In pursuit of this alleged desire, he has moved to represent himself[,] has objected to the appointment of counsel to represent him[,] and has objected to the appointment of standby counsel. The trial court ordered a mental examination to determine the competency of the defendant. After a full hearing on the issue of the defendant's competency and on the voluntariness of his waiver of his right to counsel, the court[:] (1) permitted [the defendant's] counsel to withdraw[;] (2) permitted the defendant to represent himself[;] and (3) over the defendant's objection, appointed experienced standby counsel." The stipulation further states that "[t]he defendant further agrees . . . that the court at the [penalty phase rehearing] will find the

existence of an aggravating factor, and that no mitigating factor exists, and thus, under the law, will impose a sentence of death for each of the [capital] felonies that he has been convicted of committing in these cases."

The stipulation is not, however, conclusive on a number of considerations that have significant bearing on a proper response to the reserved questions. With respect to the first and second reserved questions, the defendant has not yet formally requested, on the record, that the court, rather than a jury, be the decision maker at his penalty phase rehearing, and the state has not yet formally indicated, on the record, whether it would acquiesce in such a request. See General Statutes § 53a-46a (b).[8] With respect to the third, fourth, fifth and sixth reserved questions, the defendant has not yet waived, after a formal canvass on the record, his right to contest the state's evidence concerning the existence of aggravating factors and his right to present evidence concerning the existence of mitigating factors.[9] With respect to

[8] General Statutes § 53a-46a provides in relevant part: "Hearing on imposition of death penalty. Aggravating and mitigating factors. . . .

"(b) For the purpose of determining the sentence to be imposed when a defendant is convicted of . . . a capital felony, the judge . . . who presided at the trial . . . shall conduct a separate hearing to determine the existence of any mitigating factor concerning the defendant's character, background and history, or the nature and circumstances of the crime, including any mitigating factor set forth in subsection (g), and any aggravating factor set forth in subsection (h). . . . Such hearing shall be conducted . . . (2) before a jury impaneled for the purpose of such hearing . . . (C) if the jury which determined the defendant's guilt has been discharged by the court for good cause or, (3) before the court, on motion of the defendant and with the approval of the court and the consent of the state. . . ."

[9] As the state aptly observes in its brief, "regardless of the position [the defendant] takes at this moment in time as to any of the questions reserved, his position could change when the matter is [brought] back before the trial court. It is extremely unlikely that any trial judge would prevent a defendant facing the possibility of a death penalty from deciding, at least before the hearing commences, that he will offer mitigating evidence even though contrary to his earlier expressed intent. Nor would the state object to the change in tactic if made before a hearing commences."

the seventh reserved question, the stipulation does not address how legislative repeal; Public Acts 1995, No. 95-16, § 3 (b); of Supreme Court proportionality review pursuant to General Statutes § 53a-46b (b) (3)[10] will enter into the final determination of the appropriate trial court procedures for the penalty phase rehearing in this case.

Although we are mindful of the public interest in expediting the finality of judicial proceedings, we are persuaded that it would be imprudent for us to answer the reserved questions in this case at this juncture. Because the applicability of the reserved questions of law to the rights of the parties depends upon contingencies that might never arise, the questions presented by the reservation are not, in our opinion, "reasonably certain to enter into the decision of the case." Practice Book § 4147. In effect, the reservation asks us for advisory opinions, which we decline to give. See *Motor Vehicle Manufacturers Assn. of the United States, Inc.* v. *O'Neill*, 203 Conn. 63, 75, 523 A.2d 486 (1987); *State* v. *Zach*, 198 Conn. 168, 176–78 and 177 n.7, 502 A.2d 896 (1985); *Congress & Daggett, Inc.* v. *Seamless Rubber Co.*, 145 Conn. 318, 323, 142 A.2d 137 (1958); *United Technologies Corp.* v. *Groppo*, 35 Conn. App. 72, 75–80, 644 A.2d 1309 (1994); see also C. Tait, Connecticut Appellate Practice and Procedure (2d Ed. 1993) § 8.11.

We decline to answer the reserved questions.

No costs will be taxed in this court to any party.

---

[10] General Statutes § 53a-46b provides in relevant part: "Review of death sentence. (a) Any sentence of death imposed in accordance with the provisions of section 53a-46a shall be reviewed by the supreme court pursuant to its rules. . . .

"(b) The supreme court shall affirm the sentence of death unless it determines that: (1) The sentence was the product of passion, prejudice or any other arbitrary factor; (2) the evidence fails to support the finding of an aggravating factor specified in subsection (h) of section 53a-46a; or (3) the sentence is excessive or disproportionate to the penalty imposed in similar cases, considering both the circumstances of the crime and the character and record of the defendant. . . ."