**01–1934.   Watkins v. Transcontinental Ins. Co.**

Certified State Law Question, No. 301CV7310. On review of preliminary memorandum pursuant to S.Ct.Prac.R. XVIII(6). The following questions were certified to this court by the United States District Court for the Northern District of Ohio, Western Division:

"Based on the facts set forth above, the Court hereby certifies the following questions of state law to the Ohio Supreme Court:

"*Under both policies:*

"1. Under the law of Ohio, is Edwin Watkins entitled to recover uninsured/underinsured motorist benefits under either policy issued by Transcontinental Insurance Company?

"2. If the answer to Question No. 1 above is in the affirmative, is the purchase of insurance that provides that type of coverage by an agency of the State of Ohio such as LTC contrary to the public policy of the state as evidenced by R.C. 9.83?

"3. Where an insurer fails to offer UM/UIM coverage in a commercial automobile insurance policy and/or a commercial general liability policy which qualifies as a 'motor vehicle liability policy' pursuant to the decision in *Selander, supra,* and UM/UIM coverage is thereby incorporated in said policies by operation of law, is language in the policy that requires prompt notice of claims and language in the policy that purports to give the insurer subrogation rights valid and enforceable for purposes of UM/UIM coverage created in said policies by operation of law?

"4. If the answer to Question No. 3 above is in the affirmative, when the Plaintiffs signed the release in favor of Hale, did that constitute a violation of the subrogation clause of the policy such that the Plaintiffs are not entitled to recover UM/UIM benefits under the policy?

"5. Do the decisions in *Scott–Pontzer, Selander* and *Ezawa* extend UM/UIM coverage under said policies for the claim for loss of consortium of Plaintiff Deborah Watkins, the wife of Plaintiff Edwin Watkins at the time of the collision?

"6. If UM/UIM coverage is incorporated into the policy by operation of law rather than being in the policy by virtue of the express language of the policy, does the law of Ohio mandate that UM/UIM coverage be extended to the spouse of an employee of the named insured when that individual is injured in an auto collision that is unrelated to his spouse's employment?

"*Under Policy No. C1–44706618 (the commercial general liability policy):*

"1. Does language in the policy that provides limited liability coverage for parking an auto on, or on the ways next to premises the insured owns or rents, and for the operation of mobile equipment including cherry pickers or similar devices mounted on automobile or truck chassis transform the policy into a 'motor vehicle liability policy' for which an offer of UM/UIM coverage was mandated by the version of R.C. 3937.18 in effect at the time the policy was issued?"

The court declines to answer the certified questions. This cause is therefore dismissed.

MOYER, C.J., RESNICK, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS and PFEIFER, JJ., dissent.