LANKFORD, Judge,
Dissenting.
¶ 13 I respectfully dissent. We should vacate the order accepting the certified question[3] and decline to answer it. Additional review following acceptance of the certified question made it clear that our response to that question is unnecessary.
¶ 14 The question presented is not one that requires our assistance in answering it. Although no published Arizona cases interpret it, A.R.S. § 12-133 is plain on its face. The majority interprets it by looking to the “plain meaning” of “clear” language, a simple task that can be performed just as well by a federal court. An issue involving an unambiguous state statute should not be certified. Bi-Rite Enters., Inc. v. Bruce Miner Co., 757 F.2d 440, 443 n. 3 (1st Cir.1985).[4] See also Hawaii Hous. Auth. v. Midkiff, 467 U.S. 229, 236-37, 104 S.Ct. 2321, 81 L.Ed.2d 186 (1984) (unambiguous state statute does not support federal abstention); Wisconsin v. Constantineau, 400 U.S. 433, 439, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971) (“Where there is no ambiguity in the state statute, the federal court should not abstain but should proceed to decide the federal constitutional claim.”).
¶ 15 Moreover, our answer cannot resolve either the state or federal claims because it does not include all state law issues in the case. As the majority notes, the question presented to us is “narrow and specific” and does not include whether the Arizona arbitration system is authorized by sources of law other than A.R.S. § 12-133. Thus, no possibility exists that either the state-law claim— that the arbitration system is not authorized by state law — or the federal constitutional claims could be resolved by an opinion on a single aspect of the state claims. Consequently, the question presented does not appear to meet the requirement of A.R.S. § 12-1861 that it “may be determinative of the cause” in federal court. See W. Helicopter Servs., Inc. v. Rogerson Aircraft Corp. 311 Or. 361, 811 P.2d 627, 630 (1991) (state court’s “decision must, in one or more of the forms it could take, have the potential to determine at least one claim in the case.”).[5]
*524 ¶ 16 Nor are any state-law claims presently part of this case. Those claims were dismissed by the United States District Court and Scheehle expressly acknowledged on appeal that the dismissal order was correct and expressly abandoned his state-law claims. See 28 U.S.C. § 1367(c) (state-law claims under supplemental jurisdiction may be dismissed by district court); see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) (state claims should be dismissed when, as here, federal claims are dismissed prior to trial); O’Connor v. Nevada, 27 F.3d 357, 362 (9th Cir.1994) (fact that federal claims are dismissed prior to trial justifies dismissal of state claims); Parker & Parsley Petroleum v. Dresser Indus., 972 F.2d 580, 589 (5th Cir.1992) (district court abuses its discretion if it fails to dismiss state claims following pretrial dismissal of federal claims). While federal courts are undoubtedly desirous of averting federal constitutional questions by relying on state law grounds, the elimination of the state claim diminishes the need for the state court to speak on the matter.[6]
¶ 17 For these reasons, I believe that we should vacate the order accepting the certified question.

. State courts may vacate orders accepting certified questions from federal courts. See, e.g., Retail Software Servs., Inc. v. Lashlee, 71 N.Y.2d 788, 530 N.Y.S.2d 91, 525 N.E.2d 737 (1988) (vacating acceptance order when "answer would not be meaningful, let alone dispositive of the cause”). See generally 5 Am.Jur.2d Appellate Review § 979 (1995) (citing examples of improvidently granted certification).

. Of course, if the question should not have been certified by the federal court in the first instance, the state court is under no obligation to answer it. See White v. Edgar, 320 A.2d 668, 674 and n. 10 (Me.1974). Acceptance of certified questions is discretionary with the state court. See A.R.S. § 12-1861 (Arizona Supreme Court “may” answer certified questions); Joseph v. Pima County, 158 Ariz. 250, 251, 762 P.2d 537, 538 (1988) (declining to answer and stating: "Both Rule 27 [Rules of the Arizona Supreme Court] and A.R.S. § 12-1861 give this court discretion to accept or decline questions certified....”); Ariz. R. Sup. Ct. 27 cmt. ("[T]he decision whether or not to answer the questions certified is discretionary.”).

. Some courts view the "cause” as constituting at least one claim. E.g., W. Helicopter Servs., 811 P.2d at 630. Others interpret the term as requiring that the certified question have the potential *524 of disposing of the entire case. E.g., Patel v. United Fire & Cas. Co., 80 F.Supp.2d 948, 954-55 (N.D.Ind.2000) (citing cases). In either case, an opinion which cannot resolve any claim fails to meet this requirement.

. To make a rather long story short, the core purpose of the certification procedure is to avoid the difficulties presented by Pullman abstention. See Prefatory Note, Uniform Certification of Questions of Law Act; John B. Corr & Ira P. Robbins, Interjurisdictional Certification and Choice of Law, 41 Vand. L.Rev. 411, 415-16 (1988); Jessica Smith, Avoiding Prognostication and Promoting Federalism: The Need for an Inter-Jurisdictional Certification Procedure in North Carolina, 77 N.C. L.Rev. 2123, 2136-37 (1999); see also Arizonans for Official English v. Ariz., 520 U.S. 43, 75-76, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997)(‘‘Certification today covers territory once dominated by a deferral device called 'Pullman abstention’.... [T]he Pullman mechanism remitted parties to the state courts for adjudication of the unsettled state-law issues____”). See generally R.R. Comm'n v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). However, this case is not subject to abstention because the state-law claims were dismissed.