2004 VT 107A

**MORTGAGE LENDERS NETWORK, USA v. Jan SENSENICH, Trustee, and Stanley and Susan Potter**

[873 A.2d 892]

No. 02-564

¶ 1. November 9, 2004. The United States Court of Appeals for the Second Circuit has certified to this Court the following question: "Where a recorded mortgage was not witnessed, does the filing of a foreclosure complaint suffice under Vermont law to give subsequent purchasers constructive notice of that mortgage and thereby make it valid and binding on subsequent purchasers?" *In re Potter*, 313 F.3d 93, 96-97 (2d Cir. 2002). Because answering this question would result in our providing an advisory opinion regarding a hypothetical situation that does not correspond to the facts of this case, we reformulate the certified question as follows: "Where a recorded mortgage was not witnessed, does the recording of a foreclosure complaint and the subsequent issuance of a foreclosure decree based on that complaint, without

timely appeal, suffice under Vermont law to give purchasers constructive notice of that mortgage and therefore make the mortgage and foreclosure decree valid and binding on subsequent purchasers?" See V.R.A.P. 14(b) ("The Vermont Court may reformulate a question of law certified to it."). We answer the reformulated question in the affirmative.

¶ 2. The facts relevant to the certified question are undisputed. On December 10, 1998, Stanley and Susan Potter executed a mortgage deed to plaintiff Mortgage Lenders Network, USA (MLN). Although the mortgage deed was acknowledged, the Potters' signatures were not witnessed as required by 27 V.S.A. § 341(a) before the statute was amended in 2004. See 2003, No. 150 (Adj. Sess.), § 5. The defective deed was then recorded in the land records. On January 24, 2000, MLN initiated a foreclosure action against the Potters in superior court and recorded a copy of the foreclosure complaint in the Rutland City land records. The superior court issued a judgment order and decree of foreclosure in favor of MLN on March 31, 2000.

¶ 3. On May 22, 2000, presumably before the statutory period of redemption established by 12 V.S.A. § 4528 had run,* the Potters filed for protection

_____

* It is not entirely clear from the record whether the redemption period was still open when the bankruptcy petition was filed. The normal redemption period established by 12 V.S.A. § 4528 had not yet elapsed at the time the foreclosure decree issued. Section 4528, however, allows the court to set a shorter period of redemption. There are no facts indicating whether the court did so in this case. Generally, once the prescribed period has ended, the mortgagee takes "full and complete title." *Stowe Ctr., Inc. v. Burlington Sav. Bank*, 141 Vt. 634, 637, 451 A.2d 1114, 1115 (1982); see *Merchants*

under chapter 13 of the federal bankruptcy code. The state court foreclosure action was automatically stayed pursuant to 11 U.S.C. § 362(a) (1993). Thereafter, the chapter 13 trustee initiated this action in federal court seeking to avoid the mortgage under the bankruptcy code's so-called strong-arm clause, 11 U.S.C. § 544(a)(3) (1993), which gives the bankruptcy trustee the power to, "without regard to any knowledge of the trustee or of any other creditor, . . . avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by . . . a bona fide purchaser of real property." The United States Bankruptcy Court for the District of Vermont granted the trustee's summary judgment motion to avoid the mortgage. The United States District Court for the District of Vermont affirmed. On appeal, the Second Circuit Court of Appeals certified to this Court the question of whether the filing of a foreclosure complaint gives subsequent purchasers constructive notice of a deficiently witnessed mortgage, thereby making it valid and binding on those purchasers. This certified question asks more than it needs to, however, because, in this case, not only did the mortgagee record the foreclosure complaint but the superior court also issued a foreclosure decree based on that complaint. We may not provide advisory opinions, and thus we reformulate the question as indicated above.

¶ 4. Pursuant to the bankruptcy code's strong-arm clause, the trustee, as a fictional bona fide purchaser, is deemed to

_Bank v. Frazer_, 253 B.R. 513, 517-18 (D. Vt. 2000) (concluding that title transfers automatically at the end of a redemption period, unless there are subsequent purchasers, mortgagees, or attaching creditors), _aff'd sub nom. In re Canney_, 284 F.3d 362 (2d Cir. 2002).

have no actual knowledge of the debtor's previous transactions. See _McCannon v. Marston_, 679 F.2d 13, 17 (3d Cir. 1982) (recognizing that Congress' intent in enacting strong-arm provision was "to disregard the trustee's knowledge of the debtor's previous transactions with various claimants"). Under Vermont law, if the only fact evidencing a prior mortgage on a property is the recording of a defective mortgage deed, a subsequent purchaser without actual knowledge of that defective deed would take free and clear of the mortgagee's interest. See _Morrill v. Morrill_, 53 Vt. 74, 78 (1880) (holding that defectively executed mortgage is not constructive notice to subsequent purchasers or attaching creditors). It does not necessarily follow, however, that the filing of a foreclosure complaint pursuant to 12 V.S.A. § 4523(b) would not provide constructive notice of an equitable mortgage claim to subsequent purchasers, including the bankruptcy trustee. But we need not reach that precise question, given the facts of this case. Rather, we need decide only whether the trustee, acting as a bona fide purchaser under the powers conferred by the bankruptcy code, may avoid a mortgage that has been foreclosed by decree after the foreclosure complaint was recorded in the town land records pursuant to § 4523(b).

¶ 5. Section 4523(b) provides that the filing of a foreclosure complaint "shall be sufficient notice of the pendency of the action to all persons who acquire any interest or lien on the mortgaged premises between the dates of filing the copy of foreclosure and the recording of the final judgment in the proceedings." The trustee argues, and the federal courts agreed, that this sentence merely provides notice of the pendency of a foreclosure action — i.e., notice that someone is claiming the existence of a valid mortgage — but does not serve as constructive notice that there is a valid mortgage on the property. We do not reach

that question because, in this case, the superior court issued an unappealed foreclosure decree based on a foreclosure complaint recorded pursuant to § 4523(b). The next sentence of § 4523(b) provides:

> Without further notice or service, those persons [who acquire any interest in the mortgaged premises between the time of the filing of the foreclosure complaint and the recording of the final judgment] shall be bound by the judgment entered in the cause and be foreclosed from all rights or equity in the premises as completely as though they had been parties in the original action.

In other words, once the foreclosure complaint is recorded, no further notice is required to make interested parties subject to any forthcoming decree. Rather, persons with an interest in the subject property are on inquiry notice as to what became of the complaint.

¶ 6. While one could argue that recording a foreclosure complaint gives no greater notice of the validity of the mortgage against third parties than recording the mortgage itself, one cannot reasonably argue, given the language of § 4523(b), that the issuance of an unappealed foreclosure decree based on a recorded foreclosure complaint provides no inquiry notice of the mortgage's validity. The whole point of the decree is to determine the validity of the mortgage and to eliminate the interest in the property of third parties — like bona fide purchasers. We decline to hold, in essence, that a judicial final judgment as to the validity of a mortgage does not put a subsequent purchaser on inquiry notice concerning the mortgage's validity.

¶ 7. Moreover, we reject the trustee's apparent position that there was no final judgment in this case because the re-

demption period had not run. The foreclosure decree is a final judgment, even though it creates a right to redeem. See V.R.C.P. 80.1(g); *Cattle Investors Mgmt. Corp. v. Poutre*, 148 Vt. 508, 509, 535 A.2d 787, 788 (1987) (defendant's argument that judgment did not become absolute until redemption period ran was "without either support or reason"). We recognize that a debtor's interest in property is determined by state law, and that, in Vermont, a debtor retains an interest in the property until the period of redemption is over. Compare *In re Donahue*, 232 B.R. 610, 615 (D. Vt. 1999) (concluding that property was properly recorded in bankruptcy estate where redemption period had run, but where no writ of possession issued) with *Merchants Bank v. Frazer*, 253 B.R. 513, 517 (D. Vt. 2000) (holding that mortgagee gains automatic possession at the end of the redemption period if there are no "subsequent purchasers, mortgagees or attaching creditors"), *aff'd sub nom. In re Canney*, 284 F.3d 362 (2d Cir. 2002). But the mortgagor retains only the contingent equitable right to redeem the property, not full legal title to the property. *In re Taylor*, 286 B.R. 275, 280 (D. Vt. 2002). Thus, a foreclosure decree that is not timely appealed precludes the mortgagor, and any other bona fide purchaser, from contesting the validity of the mortgage or the interest of the mortgagee.

¶ 8. In this case, a reasonable investigation, such as a title search, would have revealed that MLN claimed an equitable mortgage on the property (via the foreclosure complaint), which, in turn, would have alerted any interested party to determine whether the superior court had confirmed the validity of MLN's claim (via the foreclosure decree). Hence, any person acquiring an interest in the property subsequent to these recordings cannot be considered a bona fide purchaser without notice. As noted, § 4523(b)

expressly provides that, once a copy of the foreclosure complaint is filed, all parties that acquire a subsequent interest in the property, "[w]ithout further notice or service . . . shall be bound by the judgment entered in the cause and be foreclosed from all rights or equity in the premises as completely as though they had been parties in the original action."

¶ 9. Accordingly, our answer to the reformulated certified question is that when a mortgage deed is defectively witnessed under 27 V.S.A. §§ 341(a) and 342, the recording of a foreclosure complaint pursuant to § 4523(b) and the subsequent issuance of a foreclosure decree, without timely appeal, puts all subsequent purchasers on inquiry notice as to the mortgagee's equitable interest in the subject property. Consequently, subsequent purchasers, including a bankruptcy trustee, cannot be considered bona fide purchasers without notice, and thus can acquire only the grantor's interest "impeded with its attendant equity." *Hart v. Farmers' & Mechs. Bank*, 33 Vt. 252, 264-65 (1860).

*The reformulated certified question is answered in the affirmative.*

¶ 10. **Dooley, J.,** concurring. I fully concur in the answer and the reasoning of the entry order in this case, and write additionally only because it has significantly affected my approach to requests to certify questions of state law from the federal courts to this Court under V.R.A.P. 14, the relatively new procedure we have adopted to allow such certifications. The procedure works well where the state law question is unconnected to any federal law question — for example, where it arises in a diversity jurisdiction case or in a pendant state law claim — and where the record is adequate to address the questions framed by the certifying federal court. It works less well where federal and state law issues are intermixed and the correct answer may require a complicated meshing of both

sources of law, particularly if we reformulate the question or find the factual record inadequate.

¶ 11. This case is an example of the latter situation. Because of the way this case came to us, we do not know if the period of redemption expired before the mortgagors filed their bankruptcy petition; if the period had expired, the trustee could not prevail under any theory of the case. Moreover, the right of the trustee under 11 U.S.C. § 544 to set aside a mortgage foreclosure decree, after it had become final but before the period of redemption had expired, was largely unexplored by the parties and the federal courts because they did not focus on the decree. Based entirely on hindsight, I question whether we should have accepted the certification in this case.

¶ 12. Unfortunately, bankruptcy cases tend to fall in this latter category where certification works less well, and a majority of our certification requests have come from the bankruptcy court or from the other federal courts in bankruptcy cases. As a result of this case in part, I have become more reluctant to accept certifications in bankruptcy cases. Other members of the Court appear to be reacting similarly because we have recently refused to accept certifications in a number of bankruptcy cases. I am making this point so that our federal colleagues, and the lawyers who are requesting certification of cases to this Court, are informed of some of the considerations that are motivating us as we act on certification requests.

Note: Chief Justice Amestoy was present when the case was submitted on the briefs but did not participate in this decision.