2007 OK 80

Amanda L. BALL, Petitioner–Appellant,

v.

WILSHIRE INSURANCE COMPANY, a North Carolina Insurance Company, Defendant–Appellee.

No. 104,939.

Supreme Court of Oklahoma.

Oct. 23, 2007.

Rick W. Bisher, Ryan Bisher Ryan, Oklahoma City, OK, for Plaintiff–Appellant.

Scott M. Rhodes, James W. Dobbs, Smith Rhodes Stewart & Elder, P.L.L.C., Oklahoma City, OK, for Defendant–Appellee.

WATT, J.

¶ 1 The United States Court of Appeals for the Tenth Circuit certified five questions [1] of Oklahoma law under the Re-

1. As certified, the questions provide:
    "1. Is a motor-vehicle-insurance-policy provision that excludes liability coverage for 'Vehi-
cles Loaned, Leased or Rented to others, including those dealerships and repair shops who provide [sec] while customer's auto is

vised Uniform Certification of Questions of Law Act, 20 O.S.2001 §§ 1601, *et seq.* It is apparent from the materials accompanying the certification that the Tenth Circuit may refuse to exercise jurisdiction over the appeal.[2] Because this leaves any decision issued subject to being rendered a prohibited advisory opinion,[3] we decline to answer the questions certified.

## RELEVANT FACTS

¶2 On August 22, 2006, the District Court for the Eastern District of Oklahoma issued an order in which the trial judge recognized that the plaintiff-appellant, Amanda L. Ball (Ball), filed a lawsuit alleging that she was an insured under a policy issued by the defendant-appellee, Wilshire Insurance Company (Wilshire/insurer). Ball alleged that Wilshire breached the insurance contract and acted in bad faith by refusing to defend and by failing to timely pay uninsured motorist coverage.

The order also notes that on August 21, 2006, Ball and Wilshire **filed a stipulation of dismissal, effectively closing the bad faith suit.**[4] The stipulation of dismissal provides in pertinent part:

> "... The parties in this matter give notice ... that Amanda Ball **hereby dismisses without prejudice her remaining cause of action, breach of the UM contract,** not previously disposed of by the Court by Summary Judgment...." [Emphasis added.]

▪ ¶3 Ball filed a notice of appeal on September 15, 2006, asserting that the trial court's order of August 21st, resolving the final issues in the cause, made an earlier order, entered on April 4, 2006, final and appealable. **Ball admits that the April 4th order dismissed all of her claims with the exception of her breach of contract claim regarding uninsured motorist coverage.**[5]

being repaired' void, in whole or in part, in light of Oklahoma's Compulsory Liability Insurance statute, Okla. Stat., tit. 47 §§ 7–600 to 7–612 (the Compulsory Insurance Law)?

2. If the answer to the first certified question is 'yes,' does the exclusion nevertheless relieve an insurance company of its contractual duty to defend an insured?

3. If the answer to the second certified question is 'no,' does an insurance company act in bad faith in relying on the exclusion to deny a defense to an insured?

4. If the answer to the first certified questions is 'yes,' does the exclusion nevertheless apply to exclude uninsured/underinsured motorist coverage that was accepted by the named insured?

5. If the answer to the fourth certified question is 'no,' does an insurance company act in bad faith in relying on the exclusion to deny or delay payment of uninsured/underinsured motorist benefits?"

2. On October 5, 2006, the Tenth Circuit issued an order for briefing providing in pertinent part:

"... The court is considering summary dismissal of this appeal for lack of jurisdiction....
JURISDICTIONAL ISSUE ...
Whether the judgment of the district court is final and appealable where the appellant dismissed her remaining cause of action without prejudice...."
On December 19, 2006, the Tenth Circuit issued an order providing in pertinent part:
"... The court reserves judgment on the jurisdictional issue raised in this court's show cause order. The matter will be referred to the panel assigned to hear this appeal on the merits...."

3. This Court does not issue advisory opinions or answer hypothetical questions. *Scott v. Peterson,* 2005 OK 84, ¶27, 126 P.3d 1232; *City of Midwest City v. House of Realty, Inc.,* 2004 OK 56, fn. 14, 100 P.3d 678; *Tulsa County Budget Bd. v. Tulsa County Excise Bd.,* 2003 OK 103, fn. 31, 81 P.3d 662.

4. The order, filed in the District Court for the Eastern District of Oklahoma, on August 22, 2006, providing in pertinent part at p. 2:
"... Case no. CIV–05–491 is a civil action, originally filed in state court, in which Amanda Ball alleged that she was an insured under a policy issued by defendant Wilshire and that defendant breached the insurance contract and acted in bad faith by failing to defend and by failing to timely pay uninsured motorist (UM) benefits....
On August 21, 2006, Amanda Ball and Wilshire filed a stipulation of dismissal, which effectively closes CIV–05–491...."

5. Plaintiff-Appellant's Show Cause Brief, filed on September 28, 2007, providing in pertinent part at p. 2:
"... The lower court's April 4, 2006 Order dismissed all Plaintiff/Appellant's claims with the exception of 'Plaintiff's breach of contract claim regarding UM coverage.' If the court will recall, Appellee paid Ball and Sills UM limits *after* suit was filed and as noted by the Tenth Circuit, Appellant amended her bad faith claim to assert delay in paying UM benefits...."

On October 5, 2006, the Tenth Circuit issued its first order indicating that it was considering summary dismissal of the appeal for lack of jurisdiction. Ball was directed to file a brief on the issue of whether "the judgment of the district court [was] final and appealable **where the appellant dismissed her remaining cause of action without prejudice."** [6] [Emphasis provided.] Ball apparently sought an order from the trial court which issued on October 20, 2006, granting the motion for immediate certification of issues central to her bad faith claim. **Noting the trial court's order, the Tenth Circuit issued an order on December 19th referring the jurisdictional issue to the panel assigned to hear the appeal on the merits.**[7]

¶4 The Tenth Circuit's certification order was filed with this Court on August 20, 2007. On September 18, 2007, we issued an order indicating that an examination of the record revealed that the certifying court had reserved a jurisdictional issue for consideration on the merits. The parties were directed to file briefs showing cause why: 1) answers to the certified questions would not be advisory should the Tenth Circuit elect not to address the pending appeal on jurisdictional grounds; and 2) this Court should not exercise its discretion to refuse to answer[8] the questions certified as issues which may not be determi-

native of the cause. Briefing on the merits was completed on September 24, 2007, with the simultaneous filing of answer briefs by both parties. On September 28, 2007, Ball filed a brief in response to the show cause order. Wilshire's brief was filed on October 2, 2007.

## Answering the questions certified is inappropriate where a decision by the certifying court to deny jurisdiction would render this Court's opinion advisory.

¶5 The insurer acknowledges that, if the Tenth Circuit denies jurisdiction, any opinion issued here would be advisory.[9] Ball urges us to answer the questions arguing that, even if the Tenth Circuit declines the appeal, our opinion would not be advisory as the questions certified are first impression and will settle an undetermined area of state law that will affect this case and all others with similar issues. We do not find Ball's arguments convincing and decline to answer the questions certified.

¶6 Pursuant to 20 O.S.2001 § 1602,[10] this Court has discretion[11] to answer a question of law within designated guidelines when properly certified by specific tribunals. The authority to answer such

---

Admissions in a brief may be regarded as a supplement to the appellate record. *Matter of Adoption of M.J.S.*, 2007 OK 43, fn. 17, 162 P.3d 200; *King v. King*, 2005 OK 4, fn. 31, 107 P.3d 570; *Keating v. Edmondson*, 2001 OK 110, fn. 21, 37 P.3d 882.

6. The Tenth Circuit's order, issued an October 5, 2006, see note 2, supra.

7. *Id.*

8. We have elected to decline to answer questions certified in a number of causes. *Scottsdale Ins. Co. v. Tolliver*, 2005 OK 93, 127 P.3d 611 [Declined to answer certified question where controlling Oklahoma precedent existed on the issue certified.]; *Hammock v. United States*, 2003 OK 77, 78 P.3d 93 [Declined to answer one of two certified questions because of lack of legal relationship necessary to determine the issue.]; *Bituminous Casualty Corp. v. Cowen Constr. Co.*, 2002 OK 34, 55 P.3d 1030, 106 A.L.R.5th 713 [Declined to answer one of two questions certified where response to one question disposed of the case.]; *Cray v. Deloitte Haskins & Sells*, 1996 OK

102, 925 P.2d 60 [Declined to answer certified question since federal judge made final determination on issue of duty such that Supreme Court was without judicial authority to either affirm or reverse that judgment.].

9. The insurer also asserts that we should decline to answer the questions certified as it has met all duties it owes to Ball. Our decision not to answer the questions certified makes any comment on these assertions unnecessary.

10. Title 20 O.S.2001 § 1602 providing in pertinent part:

"Power to Answer. The Supreme Court ... may answer a question of law certified to it by a court of the United States ... if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling decision of the Supreme Court or Court of Criminal Appeals, constitutional provision, or statute of this state."

11. *Scottsdale Ins. Co. v. Tolliver*, see note 8 at ¶2, supra.

questions is not universal. Rather, it extends only to those issues which may be determinative of the cause before the certifying court.[12]

¶ 7 We have elected not to answer questions certified in the past.[13] In *Scottsdale Ins. Co. v. Tolliver*, 2005 OK 93, 127 P.3d 611, we declined to do so where controlling Oklahoma precedent existed on the issue certified. The Court did not answer a certified question in *Cray v. Deloitte Haskins & Sells*, 1996 OK 102, 925 P.2d 60 where the trial court had made a judicial determination of an issue over which this Court had no judicial review. The *Cray* Court determined that

because the ultimate issue of review would lie in the federal court, it was inappropriate to answer the question certified. On two other occasions, we have declined to answer all of the questions certified.[14]

¶ 8 Here, the certification puts us in the position of answering questions which may not be determinative of any issue in the cause. Just as we are under a duty to inquire into our own jurisdiction,[15] the Tenth Circuit must determine its jurisdiction to exercise its adjudicatory power.[16] If the Tenth Circuit determines that it will not hear the appeal, the answers proffered would be given

---

**12.** *Bituminous Casualty Corp. v. Cowen Constr., Inc.*, see note 8, supra; *Cray v. Deloitte Haskins & Sells*, see note 8, supra.

**13.** Other state courts have also declined to address certified questions from the federal courts. *Halliburton Energy Servs., Inc. v. Gunter*, 2007 WY 151, 167 P.3d 645 [Declined to answer question certified where party lacked standing.]; *Volvo Cars of North America, Inc. v. Ricci*, see note 21, infra [Refused to answer questions not determinative of action.]; *CSX Trans., Inc. v. City of Garden City*, 279 Ga. 655, 619 S.E.2d 597 [No response to questions certified where they were previously answered, were advisory or anticipatory in nature.]; *Palmore v. First Unum*, 841 So.2d 233 (Ala.2002) [Refused to answer certified question which would have no binding effect.]; *Sustainable Forests, L.L.C. v. Alabama Power Co.*, 805 So.2d 681 (Ala.2001) [Challenge not a justiciable controversy subject to certification statute.]; *State v. Ross*, 237 Conn. 332, 677 A.2d 433 (1996) [Refused to answer where depended upon contingencies that might never arise.]; *Eley v. Pizza Hut of America, Inc.*, 500 N.W.2d 61 (Iowa 1993) [Refused to answer where stated facts were in conflict and could be basis for answering certified question in variety of ways.]; *Smith v. Duff & Phelps, Inc.*, 548 So.2d 146 (Ala.1989) [Refused to answer question certified in abstract form.]; *Grant Creek Water Works, Ltd. v. Commissioner of Internal Revenue*, 235 Mont. 1, 775 P.2d 684 (1988) [Declined to issue opinion on basis that issue presented would not control outcome of cause.]; *National Gypsum Co. v. Wammock*, 256 Ga. 803, 353 S.E.2d 809 (1987) [Refused to answer question certified due to anticipatory nature of issue.]; *Jones v. Harris*, 460 So.2d 120 (Miss.1984) [Declined to answer certified question which required court to assume statute at issue was unconstitutional.]; *Jefferson v. Moran*, 479 A.2d 734 (R.I.1984) [Where actions taking place in federal venue were beyond the jurisdiction of the federal court.]; *Bulloch County Hosp. Auth. v. Fowler*, 227 Ga. 638, 182 S.E.2d 443 (1971) [Declined to answer questions which were too broad and answers to which were required to be determined

upon facts of case.]; *Womack v. United States Fidelity & Guaranty*, 208 Ga. 717, 69 S.E.2d 188 (1952) [Declined to answer where questions certified were purely hypothetical and without factual support in record.]; *Yesil v. Reno*, 92 N.Y.2d 455, 682 N.Y.S.2d 663, 705 N.E.2d 655 (Ct.App. 1998) [Refused to answer questions certified where it was unlikely that the questions would be dispositive of the matter.]; *Retail Software Services, Inc. v. Lashlee*, 71 N.Y.2d 788, 530 N.Y.S.2d 91, 525 N.E.2d 737 (Ct.App.1988) [Abstract proposition did not satisfy the constitutional requirement that question be determinative of the cause.]; *Matter of Richards*, 223 A.2d 827 (Ct.App. Maine 1966) [Could not respond where facts were disputed and court's decision as to applicable law would not be determinative of cause.]. Some courts decline to answer certified questions by order without giving an explanation. See, *In re Certified Question*, 466 Mich. 1208, 680 N.W.2d 893 (2002); *Watkins v. Transcontinental Ins. Co.*, 94 Ohio St.3d 1406, 759 N.E.2d 784 (2001); *United States Fidelity & Guaranty Co. v. Welch*, 532 So.2d 663 (Ala.1988); *Curtis v. Allstate Ins. Co.*, 384 So.2d 804 (La. 1980).

**14.** *Hammock v. United States*, see note 8, supra; *Bituminous Casualty Corp. v. Cowen Constr. Co.*, see note 8, supra. See also, *Atlantic Richfield Co. v. Tomlinson*, note 20, infra [Answers limited to litigants participating in action would not analyze position of those without a claim.].

**15.** *Broadway Clinic v. Liberty Mutual Ins. Co.*, 2006 OK 29, ¶ 25, 139 P.3d 873; *Cray v. Deloitte Haskins & Sells*, see note 8, supra; *Fields v. A & B Electronics*, 1990 OK 7, ¶ 4, 788 P.2d 940.

**16.** *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 126 S.Ct. 2145, 2155, 165 L.Ed.2d 92 (2006); *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1093, 18 A.L.R.Fed.2d 835 (10th Cir.2005); *United States v. Hahn*, 359 F.3d 1315 (10th Cir.2004).

in the abstract.[17] The certification statute does not extend to the exercise of such judicial authority. Furthermore, to render answers to questions which may never be subject to review in the federal cause would result in our issuing a prohibited advisory opinion [18] concerning nothing more than a hypothetical situation.[19] This we will not do.[20]

## CONCLUSION

¶9 The phrase indicating that a court "may" answer questions determinative of the cause has been included in statutes similar to Oklahoma's to ensure that answers to certified questions do not result in merely advisory opinions.[21] We are not prepared to utilize the certification process to resolve issues that will have, at best, a speculative impact in determining the underlying cause. To answer the questions here might arguably promote judicial economy of the Tenth Circuit in a single case, but it would not do so for this Court nor for the federal courts in general.[22] We determine that, under these particular circumstances, where the issue of jurisdiction remains unresolved in the federal court, it is inappropriate to answer the questions certified.[23]

## ANSWERS TO QUESTIONS DECLINED.

WINCHESTER, C.J., EDMONDSON, V.C.J., HARGRAVE, KAUGER, WATT, TAYLOR, COLBERT, JJ. concur.

OPALA, J. dissents.

17. See, *Bituminous Casualty Corp. v. Cowen Constr., Inc.*, note 8, supra.

18. *Scott v. Peterson*, see note 3, supra; *House of Realty, Inc. v. City of Midwest City*, 2004 OK 97, fn. 5, 109 P.3d 314; *Tulsa County Budget Bd. v. Tulsa County Excise Bd.*, see note 3, supra.

19. See, *Mortgage Lenders Network, USA v. Sensenich*, 2004 VT 107, 177 Vt. 592, 873 A.2d 892.

20. *Atlantic Richfield Co. v. Tomlinson*, 1993 OK 106, ¶16, 859 P.2d 1088; *Rogers v. Excise Bd. of Greer County*, 1984 OK 95, ¶15, 701 P.2d 754; *Bagby v. Trustees of Claremore Jr. College Auth.*, 1974 OK 74, ¶10, 525 P.2d 1355.

OPALA, J., dissenting

¶1 I recede from the court's refusal to answer the questions certified to it by a federal court. Instead of declining to act, as the court does today, I would *first inquire* how the certifying court will resolve the federal-law issues that *must be decided in advance of our answers.* This is so because the federal court's resolutions of these questions will determine whether any state-law issues need be reached. If **all** of the state-law questions should stand eliminated, the certification could be withdrawn, but if some of them should retain viability, then an amended certification might be expected.

21. *Volvo Cars of North America, Inc. v. Ricci*, 137 P.3d 1161 (Nev.2006).

22. *Georgetown Univ. v. Sportec International, Inc.*, 572 A.2d 119 (D.C.App.1990).

23. In *Yesil v. Reno*, see note 13, supra, the New York Court of Appeal refused to answer a question certified to it by the United States District Court where "alternative possibilities for obtaining jurisdiction" made it unlikely that the questions were dispositive.